In the Matter of AMERICO MIGLIACCIO, Respondent, against JOHN F. O'CONNELL et al., Individually and as Members of the State Liquor Authority, Appellants.

Argued October 4, 1954; decided November 18, 1954.

*Alvin McKinley Sylvester, Philip Wilens* and *Emanuel D. Black* for appellants. I. The testimony of the police officers constituted substantial, competent evidence to sustain the determination of the Authority. (*Matter of Yacht Club Catering* v. *Bruckman,* 276 N. Y. 44; *Matter of Yates* v. *Mulrooney,* 245 App. Div. 146; *Matter of Avon Bar & Grill* v. *O'Connell,* 301 N. Y.

150; *Matter of Stork Restaurant* v. *Boland,* 282 N. Y. 256; *Matter of Radigan* v. *O'Connell,* 304 N. Y. 396; *Matter of Burke* v. *Bromberger,* 300 N. Y. 248; *Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works,* 304 N. Y. 65; *People ex rel. Hirschberg* v. *Board of Supervisors,* 251 N. Y. 156; *People ex rel. Price* v. *Sheffield Farms Co.,* 225 N. Y. 25; *Matter of Lynch's Builders Restaurant* v. *O'Connell,* 303 N. Y. 408.) II. The allegations of paragraph "Eleventh" of the petition and of the affidavits annexed thereto are improper, irrelevant and immaterial to the issues and it was error on the part of both Special Term and the Appellate Division to refuse to pass upon the Authority's motion to strike this offensive matter from the petition. (*Matter of Hickox* v. *Griffin,* 298 N. Y. 365; *Matter of Ogden* v. *Du Mond,* 273 App. Div. 582.)

*James M. Fawcett* for respondent. I. It would be a physical impossibility for either the manager of said restaurant due to the noise of conversation and the juke box or officer Harry Johnson accompanying officer Rosenzweig to hear conversation of Dorothy Rodriguez with officer Rosenzweig. It is not unusual for women patrons to sit or stand at a bar or talk to male patrons of the bar. II. The order of the Appellate Division annulling the determination of the State Liquor Authority was unanimous.

Lewis, Ch. J. In this proceeding under article 78 of the Civil Practice Act — which was transferred to the Appellate Division for disposition (Civ. Prac. Act, § 1296) — an appeal by the State Liquor Authority brings to us for review a record upon which the Appellate Division has unanimously annulled a determination by the Authority which revoked the petitioner-licensee's restaurant liquor license and directed that, for a period of two years, no new license covering the premises involved should be issued. The revocation was based upon a finding that the licensee had violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law which provides: "6. No person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises, or suffer or permit such premises to become disorderly."

The charge against the petitioner is as follows: "That the licensee violated Section 106, subd. 6 of the Alcoholic Beverage Control Law by suffering or permitting the licensed premises

to become disorderly in. that he suffered or permitted females on the licensed premises to solicit male patrons therein for immoral purposes on September 6, 1953.''

Accordingly, we are to determine whether — as now claimed by the appellants — there is evidence of record sufficient in law to sustain the charge, upheld by the Authority, that the petitioner-licensee '' *suffered or permitted* females on the licensed premises to solicit male patrons therein for immoral purposes on September 6, 1953 '' (emphasis supplied).

In considering what is implied by the phrase '' suffer or permit '' as employed in the statute quoted above, we are guided by what was written for this court (per CARDOZO, J.) in *People ex rel. Price* v. *Sheffield Farms* (225 N. Y. 25, 30): '' Sufferance as here prohibited implies knowledge or the opportunity through reasonable diligence to acquire knowledge. This presupposes in most cases a fair measure at least of continuity and permanence * * *.'' Knowledge of disorderly behavior in licensed premises sufficient in law to justify the revocation of a restaurant liquor license must be the subject of substantial evidence; it must have as its basis something more than suspicion. Upon that subject we have said: '' * * * ' considerations of expediency ' must not outweigh a lack of proof (*People* v. *Wallace & Company,* 282 N. Y. 417, 420). Similarly, a license to engage in the liquor business, even though frequently referred to as a privilege and not a right, when it has been issued and acted upon by the holder, should be subject to revocation or suspension only upon competent proof showing a clear violation of the applicable regulatory provision. * * * '' (*Matter of Standard Food Products Corp.* v. *O'Connell,* 296 N. Y. 52, 56.)

The record before us contains evidence from which it might be found: That at the time mentioned in the charge against the licensee unescorted women entered the licensed premises where they met, conversed and drank with men; that there were about fifteen people seated at the bar and there were people in the booths; that a juke box was playing; that among the men then in the licensed premises was a patrolman who, in the performance of police duties, engaged in conversation with two women one of whom, during the conversation, solicited him for immoral purposes; that thereafter the police officer arrested the woman upon a charge of violating subdivision 4 of section 887 of the

Code of Criminal Procedure; that the woman thus arrested was subsequently acquitted after trial.

However, the record contains no substantial evidence that the licensee or his manager knew or should have known that there were prostitutes present in the licensed premises at the time mentioned in the charge; nor is there evidence that the licensee or any agent of his heard the conversation by which the police officer was solicited (*Matter of Mihale* v. *O'Connell,* 303 N. Y. 874; *Matter of Stanwood United* v. *O'Connell,* 306 N. Y. 749).

We therefore agree with the Appellate Division that the findings of the Authority, upon which the petitioner-respondent's license was revoked, are not supported by substantial evidence (283 App. Div. 1112).

We are not unmindful of the Authority's efforts to curb disorderly conduct in licensed premises. Where, however, premises are claimed to be disorderly within the purview of the statute, and the Authority asserts constructive knowledge on the part of the licensee, substantial evidence of disorderliness — beyond a brief single occurrence of which the licensee may or may not have been aware — should be presented so as to establish that the licensee should have known that a disorderly condition prevailed.

Accordingly, the order should be affirmed, with costs.

Conway, Froessel and Van Voorhis, JJ., concur with Lewis, Ch. J.; Desmond, Dye and Fuld, JJ., dissent and vote to reverse the order appealed from, with costs, and to reinstate the determination of the Liquor Authority, upon the ground that whether or not the bartender actually heard the language used by the women, he was put on notice, by their persistent behavior, that both of them were, in fact, soliciting male patrons for immoral purposes in the licensed premises and that he thus permitted the premises to become disorderly.

Order affirmed.