In the Matter of BLANE'S RESTAURANT, INC., Petitioner, against NEW YORK STATE LIQUOR AUTHORITY, Respondent.

First Department, May 10, 1960.

*Elliot Ira Miller* of counsel (*Milton A. Morrison,* attorney), for petitioner.

*Lawrence Kunin* of counsel (*Hyman Amsel, Counsel, State Liquor Authority,* attorney), for respondent.

*Per Curiam.* Petitioner seeks a review of respondent's determination canceling his license and directing that no refund be made on the cancelled license.

Petitioner was charged with suffering or permitting the licensed premises to become disorderly in that it (1) permitted a female to solicit a male on the premises for immoral purposes; (2) permitted an unescorted female to solicit of a male the purchase of an alcoholic beverage; and (3) failed properly to supervise the premises by permitting an unescorted female to meet with and solicit the purchase of an alcoholic beverage from an unescorted male, both evidently unknown to each other.

The hearing was completed December 12, 1957. Thereafter the Hearing Commissioner concluded the charges were not sustained and recommended dismissal of the same. December 17, 1958 the respondent determined that charge 1 be dismissed but that charges 2 and 3 be sustained. Respondent directed that petitioner's license be cancelled, and the sum of $685 refund be not paid to him.

Examination of the testimony of the sole witness reveals that at the time he entered the premises the female in question was present and engaged in a conversation with an unknown man, presumably a truck driver. In response to a question on cross-examination, the witness answered in the negative when asked if he knew whether the female knew the truck driver from a prior occasion, and added " [s]he was in conversation with him when I entered ", and he did not know their relationship.

The witness testified he purchased a drink for the female and another male at her request, and that this male in turn purchased a drink for him. As to whether or not the single bartender on duty overheard any of the conversation, the witness testified on direct examination that the bartender was waiting on customers (estimated variously at 12 to 25) and did not remain in any one position for any length of time; and answered affirmatively the question " [h]e was pretty busy? " The witness, the female and others engaged in general conversation.

No solicitation occurred on the premises, but the female and the witness left the premises together to go to another bar. The witness testified the female (though the record reads " we ") turned to wave good-bye to the bartender who waved in return and said " Have a good time."

Anent that incident, human experience permits the observation that one who has imbibed, though wisely, may tend to become somewhat expansive. The roseate hue through which the world might be observed sometimes casts an aura of friendliness around even the casual acquaintance. Read in context the incident is not persuasive. It was testified the witness and the female did go to another bar and at some time, out of these premises, there was an act of solicitation.

The charges are grounded upon the status of an unescorted female present in the premises and a " pick-up." The testimony indicates clearly that the status of the female was both unknown and undefined. An inference which is not supported by the probabilities is not that substantial evidence or competent proof of a clear violation which would warrant cancellation, or serve as a reasonable basis for the drastic action taken. (See *Matter of 417 Restaurant* v. *Rohan,* 10 A D 2d 572.)

Nor does there appear to have existed such a situation that the bartender would or should have known something was amiss, so that the premises may fairly be characterized as disorderly, or that the licensee suffered or permitted them to become so. (*Matter of Migliaccio* v. *O'Connell,* 307 N. Y. 566; *Matter of Mur-Art-Sol* v. *State Liquor Auth.,* 6 A. D 2d 683.) The evidence is insufficient to establish improper supervision.

The petition should be granted and the determination annulled, on the law, and the respondent directed to refund the sum of $685 to the petitioner, with costs to petitioner.

RABIN, J. P., M. M. FRANK, McNALLY and STEVENS, JJ., concur in *Per Curiam* opinion; VALENTE, J., dissents and votes to confirm in the following memorandum: I dissent and vote to confirm on the ground that there is substantial evidence to support the determination of the State Liquor Authority.

Petition granted, and the determination of the respondent, dated December 22, 1958 annulled, on the law, with $20 costs and disbursements to petitioner, and respondent is directed to prepare and approve a refund order for the repayment to the petitioner of the sum of $685, pursuant to the provisions of section 127 of the Alcoholic Beverage Control Law.