■ In the Matter of St. Albans Bowl, Inc., Petitioner, v. New York State Liquor Authority, Respondent.— Proceeding under article 78 of the former Civil Practice Act, to annul a determination of the New York State Liquor Authority, made December 4, 1962, which suspended petitioner's restaurant liquor license for a period of 30 days, effective forthwith for 10 days and effective after 12 months as to the remaining 20 days. By order of the Supreme Court, Queens County, dated January 29, 1963, made pursuant to statute (former Civ. Prac. Act, § 1296, now CPLR 7804, subd. [g]), the proceeding has been transferred to this court for disposition. Determination annulled on the law, with costs to the petitioner. Petitioner was charged with violation of the provisions of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. This subdivision provides that: "No person licensed to sell alcoholic beverages shall suffer or permit" the licensed premises "to become disorderly." After a hearing on the charge, the Authority's hearing Commissioner found the evidence insufficient to sustain the charge. However, petitioner's license was suspended on new findings by the Authority that the licensee had committed said violation due to its failure "to exercise care commensurate with the conditions operating" at the time of the commission of a sodomous incident on said premises. "Suffering premises to become disorderly means more than a mere happening on one occasion"; it "implies knowledge or the opportunity through reasonable diligence to acquire knowledge"; and where "premises are claimed to be disorderly within the purview of the statute, and the Authority asserts constructive knowledge on the part of the licensee, substantial evidence of disorderliness — beyond a brief single occurrence of which the licensee may or may not have been aware — should be presented so as to establish that the licensee should have known that a disorderly condition prevailed" (*Matter of Stanwood United* v. *O'Connell*, 283 App. Div. 79, 82, affd. 306 N. Y. 749; *Matter of Migliaccio* v. *O'Connell*, 307 N. Y. 566, 568–569). Tested by these standards, the proof in the instant case fails to establish the violation charged. There was only one isolated incident, and there was no opportunity for petitioner "through reasonable diligence to acquire knowledge" of its occurrence. The Authority did not seek to establish actual knowledge but, instead, relied on a finding of petitioner's constructive knowledge. Petitioner's license was operative with respect to its bowling establishment on the same premises. On the morning of the incident involved a group of minors was present on the premises in connection with its junior bowling league; the bar was closed and was not to be opened until 7 o'clock that Saturday evening. The junior league was supervised by two adult parents who were in no way connected with the petitioner licensee. The licensee's agent in charge of the premises was the desk man who assigned alleys and gave out bowling shoes. The observations of the desk man (1) that a certain man had his arm around the shoulder of a minor boy; (2) that the man was pointing to the ladies' room which the boy had mistakenly entered and from which he had just emerged; and (3) that the man and boy were apparently going in the direction of the men's room, were insufficient to suggest reasonably to this desk man that a sodomous act was about to be committed, even though the desk man knew the man was not one of the supervisors of the junior bowling league to which the boy belonged. There is some testimony by the boy that he was pulled by the man, but there is absolutely no evidence that the desk man observed such conduct. Nor is there any evidence that the boy ever cried out or made any complaint to any person within the premises. Bearing in mind the heinousness of this alleged single sodomous act and the seclusion in which it was performed, we cannot, on this record, find any "substantial evidence" to warrant a finding that constructive knowledge of the act was imputable to the desk man and that he, and through

him the licensee, suffered or permitted the commission of the act. In our opinion, the proof is clearly insufficient as a matter of law to support such a finding of constructive knowledge or constructive sufferance (*Matter of Migliaccio* v. *O'Connell, supra*; *Matter of Stanwood United* v. *O'Connell, supra*). Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.