■ In the Matter of COPACABANA, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination vacated and annulled, with $20 costs and disbursements to petitioner. We accept as facts that on the night of December 20, 1960, an incident occurred in the premises of the licensee and that two patrons, husband and wife, were ejected. The only issue is whether the licensee used such excessive force in ejecting them that by such incident the licensee suffered or permitted the premises to become disorderly within the meaning of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. The single instance before us where in order to maintain order some disorder resulted, is not such proof as supports the finding and consequent punishment for a violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. The language of the statute "'presupposes in most cases a fair measure at least of continuity and permanence'" (*Matter of Migliaccio* v. *O'Connell*, 307 N. Y. 566, 568). Consequently, the court does not reach the further question as to whether there

was an unjustified limitation of the petitioner's right of cross-examination. Concur — Breitel, J. P., Valente, McNally and Stevens, JJ.; Eager, J., dissents and votes to confirm in the following memorandum: I would confirm the determination of the respondent State Liquor .Authority. It is true that it satisfactorily appears that Gurfein and his wife, as patrons of the licensee's restaurant, were so disorderly as to justify their removal from the premises, but there is substantial evidence to support the determination of the Authority that an ultimate and serious condition of disorder was occasioned by unjustified and unreasonable acts of the employees of the licensee. Gurfein testified that the captain of the licensee and another employee " came over and grabbed me by both arms, threw the table on my wife, threw her on the floor — the table was thrown on her — and they were pulling me out through a back stairway with three men hitting me, banging me around on the head in back, until they got me out to the street." His testimony in this connection was corroborated by his wife. On basis thereof, there is substantial evidence to support the finding of the hearing officer that the employees of the licensee " came over and grabbed Gurfein by both arms during the course of which the table was turned over on his wife and she was thrown to the floor and pulled Gurfein out through a back stairway and while doing so pummeled Gurfein until they got him out to the street." And this finding, in my opinion, supports the conclusion of the hearing officer " that the licensee corporation used excessive force under the circumstances and thereby suffered the premises to become disorderly on the date in question." The matter of the cross-examination of the witnesses Gurfein as to the names of the two gentlemen in their party was relevant only on the issue of credibility. The extent of cross-examination on matters bearing on such issue is largely discretionary with a hearing officer, as it is with a court. Here, in view of the extensive cross-examination of these witnesses, there was no abuse of the discretion vested in the hearing officer. In any event, on the record here, it does not appear that the petitioner was prejudiced by the failure of the hearing officer to direct that the witnesses divulge the names of the two gentlemen.