■ In the Matter of CONEY-O-TAVERN, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul a determination of the New York State Liquor Authority, which suspended petitioner's restaurant liquor license for a period of 30 days. By order of the Supreme Court, Kings County, entered August 31, 1965, made pursuant to statute (CPLR 7804, subd. [g]), the proceeding has been transferred to this court for disposition. Determination annulled on the law, with costs to petitioner. In our opinion, the evidence was insufficient to sustain the determination that petitioner suffered or permitted the licensed premises to become disorderly on November 11, 1964. "Suffering premises to become disorderly means something more than a mere happening on one occasion. A finding that the management knowingly allowed such things to occur and to continue would have to be bottomed upon a showing either of more than a single event or the showing of a demonstrated attitude toward that happening which indicated acquiescence" (*Matter of Stanwood United* v. *O'Connell*, 283 App. Div. 79, 82, affd. 306 N. Y. 749; *Matter of St. Albans Bowl* v. *New York State Liq. Auth.*, 20 A D 2d 543; *Matter of Mur-Art-Sol* v. *State Liq. Auth.*, 6 A D 2d 683). We have no showing in the instant case of more than a single event. Nor, in our opinion, is there substantial evidence of a demonstrated attitude toward the solicitation of the officer so as to indicate petitioner's acquiescence. There was no testimony that the bartender overheard the solicitation. The bartender testified that when the officer joined the woman at the bar he thought they knew each other. A fellow officer who had entered the premises with the solicited officer testified to the same impression. There was testimony that when the woman and the officer were leaving the premises the woman told the bartender to "keep my seat warm, I won't be long." There was no testimony, however, that the bartender acknowledged this farewell; and, even if he did, we find it no more indicative of knowledge of the solicitation than where a bartender, in similar circumstances, waved good-bye and told the parties to "'Have a good time'" (*Matter of Blane's Rest.* v. *New York State Liq. Auth.*, 10 A D 2d 440, 441). There was testimony that the woman told the officer that she came to the premises often, but there was no testimony that she admitted soliciting other persons there or that the bartender or anyone else connected with petitioner permitted her to do so. There is nothing in the record to indicate that the officers went to the premises because there had been complaints of prostitution activity or because they suspected it. There is nothing in the record to indicate that, in the 20 years the tavern has been operating, or in the 8 years petitioner had been there, any other incident of prostitution

was uncovered or suspected. A license to engage in the liquor business, "even though frequently referred to as a privilege and not a right * * * should be subject to revocation or suspension only upon competent proof showing a clear violation of the applicable regulatory provision" (*Matter of Standard Food Prods. Corp.* v. *O'Connell*, 296 N. Y. 52, 56; see *Matter of Migliaccio* v. *O'Connell*, 307 N. Y. 566, 568). There was no such proof here. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.