Bergan, J.
Petitioner’s retail liquor license has been annulled by respondent on a charge that it suffered or permitted the licensed premises to become disorderly (Alcoholic Beverage Control Law, § 106, subd. 6) “in that it permitted homosexuals, degenerates and/or undesirables to be and remain on the licensed premises and conduct themselves in an offensive and indecent manner contrary to good morals on 2/4/66 ”.
There is no proof in the record of any breach of the peace. The Appellate Division observed: ‘‘ While we agree the mere congregation of homosexuals, where there is no breach of the peace, does not make the premises disorderly within the meaning of subdivision 6 of section 106 of the Alcoholic Beverage Control Law, the record substantiates the charge.” Justice McGivern noted in dissent that there ‘ ‘ simply is not substantial evidence to warrant cancellation of the license on the grounds that the premises were disorderly.” This seems to be an accurate appraisal of the record.
In the first place there is no evidence to attribute to the licensee knowledge that the police officer had been solicited by a customer for homosexual purposes and the proof of this transaction must be eliminated from consideration as offering any support of the finding of disorder in the premises.
There were 40 customers in the bar attended by one bartender, the petitioner’s president, Mrs. Weinzierl. She, as the policeman testified, “was busy tending bar”. The conversation in which the policeman testified he was solicited occurred at a jukebox near the front window. There is no proof that the bartender was anywhere near this conversation or in any position to overhear it, and knowledge of its occurrence and its disorderly potential has not been brought home to the bartender.
The decisions make it clear that this personal conversation between two men in the front of premises crowded with patrons and serviced by one busy bartender is not enough to attribute *115 responsible knowledge to the licensee. (Matter of Abatz v. State Liq. Auth., 15 N Y 2d 643; Matter of Migliaccio v. O’Connell, 307 N. Y. 566; Matter of Stanwood United v. O’Connell, 306 N. Y. 749.)
It is manifest from the findings of the deputy commissioner that this solicitation was an essential basis of the decision to sustain the charge. He said: “ I find that the patronage was openly homosexual in nature, that the officer was solicited by one of the male patrons herein for lewd and indecent purposes, that the officer and said male then ordered twó (2) glasses of beer and left.”
The policeman who made the arrest after he had left the premises and who came back later to issue a criminal summons to Mrs. Weinzierl for allowing the premises “ to become disorderly ’ ’ based this charge entirely on the fact that he had arrested a male for violation of the Penal Law and “ defendant was present and in charge ’ ’. This criminal charge was dismissed. The other proof in the proceeding is insufficient to establish the premises were permitted to become disorderly. In some measure this part of the charge is based on the policeman’s observations of the dress and appearance of “ several of the patrons ” and of “ three specific cases ”. These several had “ makeup on, eye mascara, some with lipstick ”. The three specific cases had “ hip hugger pants, slacks * * * their shirts out of their trousers ” showing “ a bare midriff ”.
Indulgence in the inference that these “ several” and these ‘ ‘ three specific ’ ’ men in a grill containing 40 people were, from their dress and makeup, homosexuals does not support the additional inference that they would create disorder. It is reasonable to think that even though he dresses strangely a homosexual may be orderly in the sense in which the Alcoholic Beverage Control Law defines order.
The policeman also observed “ three instances ” in which one male “ would be ” sitting on another male’s lap “ at the tables ”. He noticed also “ three instances ” where the males on the laps kissed the other male on the face and neck. There is no proof that the bartender was in a position to observe, or did observe, these ‘‘ three instances ’’. For the rest: “I observed several of the males when they walked away their hips, keep their hands on their hips. Several of the males’ voices *116 were very effeminate and high pitched, and talked with a lisp.” These ‘‘ observations ’’ are not brought home to the licensee.
But assuming from the proof as a whole that the licensee knew some homosexuals were in the place, is this disorder in the absence of some proof tending to actual disorder? If homosexual solicitation could be brought home to the licensee that would be enough; but it is certainly not demonstrated in this case, and the rest of the proof tending to disorder is insufficient. (See opinion of Justice Cohn at the Appellate Division in Matter of Stanwood United v. O’Connell, 283 App. Div. 79, 80, 81, affd. 306 N. Y. 749, cited supra). The record before us is weaker on the issue of general potential disorder than that in Matter of Migliaccio v. O’Connell {supra).
The order should be reversed and the determination of respondent annulled, with costs.