Keating, J. (dissenting).
There is no doubt, as the majority points out, that proof of a solicitation for lewd and immoral purposes is not sufficient by itself to justify annulment of a liquor license. The statute states: “No person * * * shall suffer or permit * * * such premises to become disorderly. ’ ’ It is, therefore, incumbent upon the Authority to show that the licensee knew or should have known of the disorderly conduct on the premises. (See Matter of Migliaccio v. O’Connell, 307 N. Y. 566.)
The police officer testified that there were about 30 persons on the premises," all of them male. He stated: “I saw several of the patrons with makeup on, eye mascara, some with lipstick. * * * I observed two—three instances where one male would be sitting on another male’s lap at the tables. I observed three instances where these three same males previously described* kissed on the face and neck the males in whose laps they were sitting. ’ ’
It is inconceivable that overt behavior such as this escaped the notice of the licensee, particularly since there were only 30 persons present.
*117 In any event, the issue is whether she should have been aware of what was happening on her premises. In defining the quantum of evidence necessary to sustain the annulment of a license for violation of subdivision 6 of section 106 we have held:
“ [Substantial evidence of disorderliness—beyond a brief single occurrence of which the licensee may or may not have been aware — should be presented so as to establish that the licensee should have known that a disorderly condition prevailed.” (Matter of Migliaccio v. O’Connell, supra, p. 569; emphasis supplied.)
Even if we credited the licensee’s statements that she did not, in fact, observe the behavior which the officer described, nevertheless his description of the premises was such that it was not unreasonable for the Authority to conclude that the licensee should have known of the disorderly conduct taking place in her establishment.
Moreover, besides the public necking between males, there is an additional factor which tends to show notice on the part of the licensee. The police officer testified that about a half hour after he entered the premises, the licensee locked the door. After this, she let in certain persons by means of a buzzer which was located behind the bar. Several times, she refused to buzz someone in, but did so after he was identified to her by one of the male patrons. Thus, to a certain extent, the patronage was controlled by the licensee.
It is contrary, in our view, to common experience to believe that a licensee who exercised such vigilance regarding the identity of those who entered her premises would fail to notice overt behavior of the sort described by the officer.
In any event, the cumulative testimony of the police officer is sufficient, in our view, to support a conclusion that the licensee knew or at least should have known of the disorderly condition of her premises.
There is substantial evidence to support the action of the Authority. The order of the Appellate Division should be affirmed.
Chief Judge Fuld and Judges Van Voorhis and Burke concur with Judge Bergan ; Judge Keating dissents and votes to affirm *118 in a separate opinion in which Judges Scileppi and Breitel concur.
Order reversed, with costs in all courts, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.

 They had been described by the officer as wearing hip hugger pants and their shirts tied in the front so as to reveal their bare midriffs.