■    In the Matter of CLUB 95, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 to annul respondent's determination, dated July 25, 1967, that the petitioner had suffered or permitted its licensed premises to become disorderly on October 17, 1965 in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law and that petitioner's license be cancelled. Determination annulled, on the law, without costs. No questions of fact were considered by this court. In our opinion, the events underlying the charges upon which petitioner's license was cancelled were unprecedented and spontaneous in character, and not reasonably to be anticipated or retroactively chargeable to the corporate management. The charges were based upon a combination of incidents occurring on a single evening which resulted in some police action. The bartender was accused by an inebriated patron of having shortchanged him. The patron left the barroom and called the police. He returned to the barroom, engaged in an altercation with another patron and was beaten by that patron in the presence of the bartender, who did nothing to prevent the assault. There was no proof of any prior similar occurrences, singly or in combination, or any proof that the assaultive patron was known or should have been known to have such tendencies. Under such circumstances, a finding that the licensee suffered or permitted the premises to become disorderly was not warranted by substantial evidence (*Matter of Stanwood United* v. *O'Connell*, 283 App. Div. 79, affd. 306 N. Y. 749; *Matter of Brody* v. *Rohan*, 1 A D 2d 661; *Matter of Migliaccio* v. *O'Connell*, 307 N. Y. 566; *Matter of Loughlin* v. *State Liq. Auth.*, 19 A D 2d 815; *Matter of Flo Inn* v. *O'Connell*, 280 App. Div. 965, mod. on other grounds, 305 N. Y. 602; *Matter of Patterson* v. *Rohan*, 5 A D 2d 870). Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.