THIRD DEPARTMENT, JUNE, 1972

(June 14, 1972)**

■ In the Matter of MEAD-MALONE, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Saratoga County) to review and annul a determination of the State Liquor Authority canceling petitioner's retail liquor license. The respondent found that petitioner violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law "in that it suffered or permitted the licensed premises to become disorderly" by suffering or permitting the trafficking in narcotics and thereupon canceled petitioner's license. The question of whether a given licensed premises has been disorderly is factual, and thus if the respondent's determination is supported by substantial evidence, it must be affirmed (*Matter of Show Boat of New Lebanon* v. *State Liq. Auth.*, 33 A D 2d 954, affd. 27 N Y 2d 676). And "the disorder involved need not have been known to the licensee to constitute a violation; it is sufficient if the licensee should have known of it" (*Matter of Show Boat of New Lebanon* v. *State Liq. Auth., supra,* p. 955; *Matter of Becker* v. *New York State Liq. Auth.,* 21 N Y 2d 289; *Matter of Migliaccio* v. *O'Connell,* 307 N. Y. 566). In our opinion the instant record contains substantial evidence to support the respondent's finding of guilt. However, we conclude on the evidence pre-

* Not published with other decisions of September 1971, 37 A D 2d 771. [Rep.
** Not published with other decisions of June 14, 1972, 39 A D 2d 977. [Rep.

sented that a suspension for six months is more appropriate, and in the exercise of the power vested in this court (*Matter of Show Boat of New Lebanon v. State Liq. Auth., supra*) we accordingly reduce the penalty. Determination modified, on the law, by annulling the revocation and substituting therefor a provision that the license be suspended for a period of six months, and, as so modified, confirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Simons and Reynolds, JJ., concur.