## (December 7, 1973)

In the Matter of VIRGINIA R. SMITH, Doing Business as ROMA RESTAURANT, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Essex County) to review a determination of the State Liquor Authority canceling petitioner's liquor license for violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law and denying renewal thereof. On January 25, 1973, the State Liquor Authority charged petitioner with a violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law alleging that she suffered or permitted the licensed premises to become disorderly on January 21, 1972 when her husband, who served as a bartender, committed indecent acts in the basement of the building. At the hearing, it was developed that three juveniles contacted petitioner's husband at the Roma Restaurant and were told to meet him at the rear of the building. They proceeded to enter an adjacent building, went into a rented apartment, through a door, down the stairs into a cellar and finally to a portion of the basement beneath the licensed premises. The testimony reveals this was the sole means of access to the basement. One of the boys testified that petitioner's husband committed an act of oral sodomy on him and was later alone with each of the other two boys in a portion of the basement. Before they left, he gave each of them $5. The Deputy Commissioner, who served as hearing officer, concluded that the cellar was not part of the licensed premises. A second Deputy Commissioner agreed and added that there was no evidence that the licensee knew of the situation.

The respondent Authority, two commissioners dissenting, reversed the findings and sustained the charge. There is no evidence in the record to indicate that the licensee actually knew of the actions of her husband in the basement of the building. Any knowledge on her part of such activity would have to be constructive in order to sustain the conclusion that she suffered or permitted the premises to become disorderly. "Sufferance as here prohibited implies knowledge or the opportunity through reasonable diligence to acquire knowledge. This presupposes in most cases a fair measure at least of continuity and permanence" (*People ex rel. Price* v. *Sheffield Farms-Slawson-Decker Co.*, 225 N. Y. 25, 30). And, as stated in *Matter of Migliaccio* v. *O'Connell* (307 N. Y. 566, 569), where "the Authority asserts constructive knowledge on the part of the licensee, substantial evidence of disorderliness — *beyond a brief single occurrence of which the licensee may or may not have been aware* — should be presented so as to establish that the licensee should have known that a disorderly condition prevailed" (emphasis added). It has been recognized that no amount of supervision can prevent a single, concealed act and that the occurrence of such an act does not necessarily mean that the licensee permitted or suffered the premises to become disorderly within the meaning of the law (*Matter of Missouri Realty Corp.* v. *New York State Liq. Auth.*, 22 N Y 2d 233, 238). On the facts of this case, we must conclude that petitioner did not permit or suffer the premises to become disorderly. We note that this was a single, concealed act, committed in an area of the building remote from the barroom and not directly accessible therefrom. There is no proof that petitioner had knowledge or that she had an opportunity to acquire knowledge. Nor is there proof of any facts which would indicate that petitioner should have suspected that such an act would occur. The act was not connected with the duties of the employee nor was it in the furtherance of the employer's business (*Matter of Missouri Realty Corp.* v. *New York State Liq. Auth., supra,* p. 237). Determination annulled, without costs, and matter remitted to the State Liquor Authority for further proceedings not inconsistent herewith. Staley, Jr., J. P., Cooke, Sweeney and Kane, JJ., concur.