■    In the Matter of PEANUTBUTTER JAM, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Saratoga County) to review a determination of the State Liquor Authority which suspended petitioner's liquor license for a period of 15 days, 10 days to be served forthwith and 5 days to be deferred. During the early morning hours of August 22, 1974, two sisters and their dates were patrons of the petitioner's establishment when the two sisters were accused by another female of having removed a wallet from her purse while she was dancing. Denial of the charge provoked an argument which brought the petitioner's assistant manager to the scene, who, when advised of the accusation, asked the sisters for identification cards. One sister was about to present her card when the other prevented her from so doing and refused to present her own. There is conflicting testimony and the record is less than clear as to precisely what happened next except, certain it is, that the dominant sister suffered the indignity of landing on the floor through the provoked or unprovoked efforts of a bystander. Shortly thereafter, those involved left the premises and the entire incident spanned but for a few minutes. Thereafter, petitioner was charged with a violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law, in that it suffered or permitted the premises to become disorderly, in that an altercation occurred thereon. After the statutory hearing, the hearing officer concluded that the charge had not been sustained. However, respondent board, without making new findings, sustained the charge by a three to two vote. The question of whether licensed premises have been disorderly is factual, and thus, if the respondent's determination is supported by substantial evidence, it must be affirmed *(Matter of Mead-Malone Inc. v New York State Liq. Auth.,* 40 AD2d 632). However, we find no such evidence here. From the record it is evident that this incident out of which the charge grew occurred without warning and was an isolated and spontaneous event which no amount of supervision was likely to prevent (cf. *Matter of Smith v State Liq. Auth.,* 43 AD2d 756; *Matter of St. Albans Bowl v New York State Liq. Auth.,* 20 AD2d 543). An occasional argument between patrons of a large establishment such as this is neither unusual nor unexpected. The incident was over in a matter of minutes and, since there is no credible evidence of any misconduct or a failure to take appropriate action by petitioner, its agents or employees, the determination should be annulled. Determination annulled, and petition granted, without costs. Sweeney, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.