■ In the Matter of 312 TAVERN CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent, the New York State Liquor Authority, dated March 19, 1979, which, after a hearing, *inter alia,* revoked the petitioner's on-premises liquor license on the ground that the petitioner had suffered or permitted the premises to become disorderly "in that it suffered or permitted contraband to be kept and maintained therein". Petition granted, determination annulled, on the law, without costs or disbursements, and charges dismissed. In this case, the authority presented evidence of an isolated instance in which contraband had been found on petitioner's premises. The evidence reveals that at or about 4:16 A.M. on the morning of December 21, 1977, police officers responding to an anonymous "tip" regarding a "man with a gun" arrived at petitioner's premises and, from the outside, observed a customer (Pacheco) fitting the description of the

alleged gunman walk over to the ice machine (which was located in the *public* area of the bar) and then return to where he had been standing. Upon entering, the officers observed a "bulge" in one of Pacheco's outside pockets and, believing it to be a weapon, frisked him and found instead a quantity of narcotics. The ice machine was thereafter searched and two loaded handguns were discovered inside. A further search of the premises disclosed another quantity of narcotics in a bag belonging to a second customer, which was found on the floor near the street entrance to the tavern. Petitioner's principal disavowed any knowledge of the contraband and stated that the ice machine was around a bend and was not visible from behind the bar. In our view, the evidence adduced at the hearing was totally insufficient to establish that the petitioner's principal knew or should have known that the disorderly condition prevailed. Accordingly, the determination of the authority must be annulled (see *Matter of Migliaccio v O'Connell,* 307 NY 566). Damiani, J. P., Gulotta, Margett and Gibbons, JJ., concur.