OPINION OF THE COURT
Ellen M. Coin, J.
Defendant is charged with violating Alcoholic Beverage Control Law § 106 (6). The accusatory instrument, a universal summons, alleges that on August 30, 1998, defendant “fail[ed] to maintain adequate security resulting in a dispute where two participants received injuries.” Defendant moves to dismiss the charges against him on the ground that the accusatory instrument is facially insufficient.
*55 Alcoholic Beverage Control Law § 106 (6) mandates that no licensee “suffer or permit [the licensed] premises to become disorderly.” Defendant argues that in order for the accusatory instrument to be facially sufficient under this section, it must allege facts showing more than a single act or incident in which the premises were disorderly. For the reasons stated below, defendant’s motion to dismiss the summons is denied.
In order to be facially sufficient an accusatory instrument must allege facts of an evidentiary character supporting or tending to support the offenses charged (CPL 100.15 [3]); provide reasonable cause to believe that the defendant committed the offense charged (CPL 100.40 [1] [b]); and must contain nonhearsay allegations which establish, if true, every element of the offense charged and defendant’s commission thereof. (CPL 100.40 [1] [c]; see also, People v Dumas, 68 NY2d 729 [1986]; People v Alejandro, 70 NY2d 133 [1987]; People v Case, 42 NY2d 98 [1977].)
Subdivision (6) of Alcoholic Beverage Control Law § 106 provides, “No person licensed to sell alcoholic beverages shall * * * suffer or permit such premises to become disorderly.” A licensed premises is “disorderly” when it violates public order or morality, or constitutes a nuisance. (People v Bart’s Rest. Corp., 42 Misc 2d 1093 [Crim Ct, NY County 1964]; People v Arenella, 139 NYS2d 186, 189 [City Magis Ct 1954].)
Case law has interpreted Alcoholic Beverage Control Law § 106 (6) as requiring evidence that the licensee knew or should have known of the disorderly condition on the premises and tolerated its existence. (Matter of Beer Garden v New York State Liq. Auth., 79 NY2d 266, 275 [1992]; Matter of Playboy Club v State Liq. Auth., 23 NY2d 544, 550 [1969].) Thus, the courts have held that there was no violation where the events leading to the disorderly condition were unexpected and of such brief duration that the licensee could not have prevented them through reasonable supervision. (Matter of Moonwalkers Rest. Corp. v New York State Liq. Auth., 250 AD2d 428 [1st Dept 1998].) Where, however, conduct occurred on a single night but was ongoing for several hours, a violation of Alcoholic Beverage Control Law § 106 (6) has been found. (Matter of P.M. Entertainment Indus. v State Liq. Auth., 114 AD2d 457, 459 [2d Dept 1985], affd 67 NY2d 834 [1986].) Ultimately, the question of whether licensed premises have been disorderly is factual. (92-07 Rest. v New York State Liq. Auth., 80 AD2d 603 [2d Dept 1981]; Matter of Peanutbutter Jam v New York State Liq. Auth., 58 AD2d 703 [3d Dept 1977].)
*56 Here, the accusatory instrument alleges facts (a dispute resulting in injury) which indicate that the premises violated, at minimum, public order and, therefore, were “disorderly”. Moreover, the accusatory instrument informs the defendant specifically of the manner in which he is alleged to have suffered or permitted the disorderliness, i.e., the failure to maintain adequate security. Thus, the factual allegations, although minimal, satisfy the requirements of the statute. While the summons does not set forth the duration of the incident, this is a factual issue to be resolved at trial. Accordingly, the motion to dismiss the accusatory instrument is denied.