In the Matter of WILLIAM P. CLARK, Appellant, against HARRY W. MARSH, as Commissioner of Welfare of the City of New York, et al., Respondents.— Appeal from an order denying the application of the petitioner, under article 78 of the Civil Practice Act, to review the determination of the Commissioner of Welfare of the City of New York, and from the refusal of the Commissioner of Social Welfare of the State of New York to modify or annul the same, and asking that this court direct the payment of old age assistance. The attorneys agree that a hearing should be had. The order is reversed, without costs, and the proceeding is remitted to the State Commissioner of Social Welfare for further proceedings and if an appeal is pending to hear it and if no appeal is pending to allow an appeal. At the request of the attorneys we decide the question of whether voluntary contributions may be considered in fixing the allowance and we hold that in determining old age assistance all financial circumstances of the petitioner should be considered. If voluntary charity receipts are withdrawn or are not ample, fair allowance from public funds must be provided. This court does not fix the amount. All concur.

THADDEUS WINNOWSKI et al., Respondents, v. JOSEPH T. POLITO, Appellant. FRANK WITKO et al., Respondents, v. JOSEPH T. POLITO, Appellant.— Judgments in these cases were reversed by this court and the complaints dismissed [267 App. Div. 849]. The actions originated in the Albany City Court and resulted in judgments in favor of the plaintiffs which were affirmed by the County Court. An appeal on consent [267 App. Div. 927] was taken from the decision of this court to the Court of Appeals. The judgments were there reversed and the " actions remitted to the Appellate Division for determination upon the questions of fact raised in that court" [294 N. Y. 159, 162]. The former judgments of the Appellate Division in these actions are reversed and the judgments of the City and County Courts are affirmed on the facts and the verdicts reinstated, with costs to the respondents in all courts. All concur, except Hill, P. J., who dissents upon the ground that the undisputed evidence shows that the act of the police official of the City of Albany was the sole cause of plaintiffs' injuries and damage. The evidence establishes that defendant exercised reasonable care in view of the instructions that he had given to his son. I look in vain for the proof that Central Avenue in the city of Albany at the point involved is " a busy thoroughfare".

In the Matter of STEVENSVILLE LAKE HOLDING CORP., Petitioner, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority of the State of New York, Respondents.— Review of a determination made by the State Liquor Authority August 18, 1944, revoking petitioner's then existing summer hotel liquor license for petitioner's premises and directing the non-issuance of any such license for such premises for the period of twenty-four months after August 27, 1944. The State asserts the owner by its corporate officials, and particularly its president, suffered and permitted gambling on the licensed premises. It appears that the bartender, Givertzman, took bets upon horse races from a New York State Trooper. The evidence does not sustain a finding that the officers of the petitioner, particularly the officials in control of the licensed premises, had knowledge or in any way permitted or suffered gambling on the premises. The determination should be annulled on the authority of *Matter of Reuben, Inc.,* v. *State Liquor Authority* (268 App. Div. 981, affd. 294 N. Y. 730). Determination annulled on the law and facts, with $50 costs and disbursements. All concur.