Cohn, J.
(dissenting). The State Liquor Authority has revoked the restaurant *931 wine and beer license of petitioner upon the ground that the licensee has violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law in that it suffered and permitted its premises to become disorderly.
The licensed premises occupied as a restaurant in the year 1900 has been continued as such uninterruptedly in the same location. The principal officers and stockholders of the petitioner corporation are husband and wife who for many years worked in the restaurant for the former owner and who in 1943 purchased the business from him. They have been operating it ever since. In the premises there is no bar and the only beer sold is bottled beer. The testimony is ample that highly reputable people, including employees of many of the New York City departments, as well as school teachers and businessmen, patronize the restaurant and that it was at all times and still is respectably conducted.
In order to sustain the authority’s determination there must be substantial evidence that petitioner permitted its premises to become disorderly; that in one way or another the alleged illegal activities were instigated, consented to or caused by the licensee; that it had knowledge or should have had knowledge of what was taking place; and that it made no effort to prevent the use of the premises for the alleged unlawful purposes. The mere presence in the restaurant on two occasions of persons in possession of narcotics who were unknown to the officers of petitioner at a time when such persons did not to its knowledge engage in any illegal activities or at a time and under circumstances when their action or conduct did not indicate to officers of the petitioner that they were in any way engaged in illegal activities, is insufficient to sustain a finding of suffering or permitting disorder to the premises. (Matter of Toyos v. Bruckman, 266 App. Div. 28, appeal dismissed 291 N. Y. 745; Matter of Arnold Reuben, Inc., v. State Liq. Authority, 268 App. Div. 981, affd. 294 N. Y. 730; Matter of Stevensville Lake Holding Corp. v. O’Connell, 269 App. Div. 804; Matter of Konopka v. Bruckman, 265 App. Div. 1068, revd. 290 N. Y. 777.)
The determination of the State Liquor Authority is based wholly upon inferences which are not warranted by the proof. There is no substantial evidence to justify the revocation. Accordingly, I dissent and vote to annul the determination appealed from.
Dore, J. P., Callahan, Van Voorhis and Shientag, JJ., concur in decision; Cohn, J., dissents and votes to annul the determination in opinion.
Determination confirmed, with $50 costs and disbursements to the respondents. No opinion.