William J. Began, S.
This is a proceeding to settle the accounts of George M. Martin, Public Administrator, in which he seeks direction as to distribution of the balance of the estate. The efforts of the Public Administrator revealed no known distributees. However, he did procure an affidavit from one Otis Willingham, who claimed to be a second cousin of the decedent. *517 Said Otis Willingham has since died, and his widow, Elosie Willingham, has communicated with the Public Administrator relative to her husband’s relationship to the decedent.
The Attorney-General’s office has objected to the admissibility of the evidence pertaining to the proof of relationship, as well as to the weight to be given same. No personal appearance was made by the claimant.
The court will agree that the proof is vague at best.
However, the court believes that the question of this proof would be academic. Section 83 of the Decedent Estate Law was amended effective March 1, 1964, applying to estates of persons dying after that date. Fred D. Willingham died on August 17, 1964.
The note of the commission following section 83 reads as follows (L. 1963, ch. 712):
“ Subdivision seven is entirely new. It provides that where there is no surviving spouse, descendants, parents or brothers and sisters or their descendants, the estate will pass to grandparents ; in absence of grandparents, it passes to their descendants in the nearest degree of kinship to the deceased. No intestate inheritance is permitted beyond descendants of grandparents. Persons who wish to provide for relatives more distant than descendants of grandparents must do so by will.
“ This amendment is intended to avoid expensive, time consuming and often fruitless searches for distant relatives not expressly favored by the deceased and thus simplify probate and administration proceedings.”
Descendants of grandparents may run to first cousins and descendants of first cousins. First cousins necessarily must have common grandparents. That is, they must be children of brothers or sisters.
Where a person is a first cousin to a propositus, that person’s children are first cousins once removed to the same propositus. Under section 83 they enjoy the same status as first cousins.
Children of first cousins are second cousins to each other and hence not distributees under section 83.
Black’s Legal Dictionary [4th ed.] defines second cousins as ‘ Persons who are related to each other by descending from the same great-grandfather or great-grandmother ’ ’. Thus, assuming that the claimant were a true second cousin, his descendancy would not have come from a grandparent, which is the final degree permitted for the purpose of intestate inheritance; and, there being no distributees less distant, the remaining assets of the estate are directed to be paid to the State of New York.
Let decree embrace the above.