21 N.Y.2d 289 (1967)
In the Matter of Otto Becker, Appellant-Respondent,
v.
New York State Liquor Authority, Respondent-Appellant.
Court of Appeals of the State of New York.
Argued December 6, 1967.
Decided December 29, 1967.
William I. Cohen, Gerard Zwirn and Benjamin Cohen for appellant-respondent.
Joseph S. Ryan and Hyman Amsel for respondent-appellant.
Chief Judge FULD and Judges VAN VOORHIS, BURKE, SCILEPPI, BERGAN and BREITEL concur.
*291 KEATING, J.
We are faced here with the two-fold problem of what behavior on the part of homosexuals constitutes disorder in a public place and when disorderly behavior is such that the licensee should reasonably have known of it. (Alcoholic Beverage Control Law, § 106, subd. 6.)
The police officer in this case testified that he was in the subject bar and grill for about 35 minutes.
"During the time that I was seated at the table I observed approximately 14 males dancing in the rear portion of the premises. They were dancing to a slow record, and they were embracing one another and gyrating and moving * * *
"In the course of dancing they were feeling each other's private parts and posteriors."
In resolving the first issue regarding what constitutes disorderly behavior in licensed premises, there is no sound reason to distinguish between the actions of homosexuals and that of heterosexuals with respect to the dancing of slow dances under circumstances such as this. We have in the past reversed orders annulling liquor licenses where there has been conduct susceptible *292 to varying assessments of propriety. (See, e.g., Matter of Kerma Rest. Corp. v. State Liq. Auth., 21 N Y 2d 111, involving some instances of kissing between males.)
Nevertheless, a line must be drawn somewhere between which sexual acts are to be permitted in public places and which are not. In our view, the line must be drawn at public feeling of private parts. In this regard, we would not distinguish between the activities of homosexuals and that of heterosexuals. Fondling of the primary sexual organs in licensed premises on a public dance floor clearly constitutes disorder whether between heterosexuals or homosexuals under subdivision 6 of section 106 of the Alcoholic Beverage Control Law.
There remains the question of whether the disorder involved was such that the licensee knew or reasonably should have known of it. (Matter of Migliaccio v. O'Connell, 307 N.Y. 566; Matter of Avon Bar & Grill v. O'Connell, 301 N.Y. 150.)
Recently we considered this issue in Matter of Kerma Rest. v. State Liq. Auth. (supra). In this case we determined that proof of a single solicitation on licensed premises was not sufficient by itself to serve as a basis for finding a violation of subdivision 6 of section 106. While this constituted disorder, there was no proof tending to show notice of the disorder on the part of the licensee under Matter of Stanwood United v. O'Connell (283 App. Div. 79, affd. 306 N.Y. 749).
The police officer's testimony, in this case, however, would support a finding that the licensee had actual knowledge of the disorder. He stated with respect to the bartender: "All the time that I was in there he was behind the bar, but there were times that he was not serving drinks and no one was ordering drinks, and he was just standing behind the bar."
The sexual fondling observed by the officer from the bar could as well have been observed by the bartender from the bar if he had glanced at the dance floor while the men were dancing slow dances together. Failure to do so is failure to exercise reasonable supervision. Whether the bartender did look and thus saw or failed to look and did not see, in any event the circumstances were such that the licensee could be found to have suffered or permitted the disorderly behavior. (Matter of Migliaccio v. O'Connell, supra.)
*293 The Appellate Division provision for the elimination of the $1,000 bond claim constituted an exercise of discretion which should not be disturbed in the absence of abuse.
The order appealed from should be affirmed, without costs.
Order affirmed.