In the Matter of TRIPLE S. TAVERN INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination dated December 13, 1971, which suspended petitioner's restaurant liquor license for 10 days beginning January 10, 1972 and imposed a demand for $1,000 upon petitioner's surety bond. Determination annulled, on the law, without costs. Petitioner is the owner of the licensed tavern. Its president and sole shareholder, Ronald Smallwood, personally operates and manages the tavern on an average of 17 hours a day. In his absence, the tavern is operated by barmaids. On three separate dates an undercover police officer observed the day barmaid accepting bets. On each occasion unknown persons entered the tavern, handed slips of paper and money to the barmaid and left. Significantly, these illegal activities occurred only at the times Smallwood was off the premises. Respondent concedes that Smallwood did not have knowledge of the barmaid's actions. Moreover, it is not disputed that Smallwood discharged the barmaid immediately after he learned of her activities. Respondent's hearing officer found that the barmaid was in charge of the licensed premises during Smallwood's absence and imputed her acts directly to the corporate licensee. In this proceeding respondent additionally contends that Smallwood should have known that the barmaid accepted bets. In support of this contention respondent points to Smallwood's failure, upon hiring the barmaid, to specifically inquire whether she had ever been involved in gambling activities. It appears from the record that she had one previous gambling arrest. In our opinion, the finding that the corporate licensee " suffered or permitted " gambling on the licensed premises in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law is not supported by substantial evidence. Although the barmaid operated the tavern during Smallwood's brief absences, she was not a manager or corporate officer. The cases in this area indicate that an employee's illegal activities will not necessarily be imputed to the corporate licensee. It must be demonstrated that the manager or a corporate officer had knowledge or the opportunity through reasonable diligence to acquire knowledge of the illegal acts (see Matter of Arnold Reuben, Inc. v. State Liq. Auth., 268 App. Div. 981, affd. 294 N. Y. 730; Matter of Stevensville Lake Holding Corp. v. O'Connell, 269 App. Div. 804; see, also, People ex rel. Price v. Sheffield Farms-Slawson-Decker Co., 225 N. Y. 25, 30). As previously stated, Smallwood did not know that the barmaid accepted bets on the licensed premises. In our opinion, Smallwood's failure to inquire whether the barmaid was involved in previous gambling operations is not sufficient to sustain the charge that petitioner " suffered or permitted " gambling on the licensed premises within the meaning of the Alcoholic Beverage Control Law (§ 106, subd. 6). Munder, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.