William J. Regan, S.
In 1966, former section 83 (subd. 7) of the Decedent Estate Law was construed by this court as barring second cousins from inheritance by reason of the fact that the common ancestor of such descendants is more remote than that of the grandparent. (Matter of Willingham, 51 Misc 2d 516.) We further stated in said decision, that where a person is a *489 first cousin to propositus, that person’s children are first cousins once removed to the same propositus and enjoy the .same status as first cousins. The complex problem of remote distributees we believed at that time was finally resolved by the Willingham decision and by the enactment of EPTL 4-1.1 (subd. [a] par. [8]) and amendments thereto.
In this judicial settlement proceeding we again deal with complexities of family trees and remote distributee, an area that more and more becomes of extreme significance to estate attorneys and the legal profession, generally. As appears from the partial rough sketch of the family tree, appended hereto, Samuel Ay is the first cousin once removed from the decedent and as such, was upon first impression, believed to be a distributee of the deceased. Upon further study, however, it is evident that Samuel Ay and the deceased do not have a common grandparent:
Joseph Ay
_i_|
(Daughter) (Son)
Lena Ay-Sister and Brother-August Ay
Gertrude Schaefer-First Cousins-Samuel Ay
I I
Jane G. Schaefer-1st Cousin Once-1
(Decedent) Removed
The controlling section of the EPTL provides as follows: “ § 4-1.1 Descent and distribution of a decedent’s estate. * * # (a) If a decedent is survived by: * * *
“ (8) Grandparents only, the whole to the grandparents. If there are no grandparents, the whole to the issue of the grandparents in the nearest degree of kinship to the decedent per capita.”
Affidavits and diagrams depicting family trees have come in varied forms, one more complicated than another. It would ■appear that to better understand a so-called “family tree” that a simpler approach would be to use the decedent as a starting point and ascend to the point of a common grandparent. In the instant case, the decedent, Jane G. Schaefer, left her surviving, Samuel Ay, as her closest living relative. He was the nephew of Lena Ay, the grandmother of the decedent and as such, a first cousin to decedent’s mother, Gertrude Schaefer. Therefore, although his status as a first cousin once removed to decedent is established he does not qualify as the issue of a grandparent as required by EPTL 4-1.1 (subd. [a], par. [8]) and therefore, does not qualify as a distributee. Eights of inheritance under the afore-mentioned section must be traced to a common grandparent.
*490 Joseph Ay is the great grandparent of the deceased, Jane G. Schaefer, and is the grandparent of Samuel Ay. However, the rights of inheritance which extend to the issue of great grandparents is narrowly restricted by EPTL A-l.l (subd. [a], par [9]), to those situations where the deceased is an infant or incompetent.
“ (9) Great-grandparents only, the whole to the great-grandparents. If there are no great-grandparents, the whole to the issue of great-grandparents in the nearest degree of kinship to the decedent per capita. Provided that in the case of a decedent who is survived by great-grandparents only, or the issue of great-grandparents only, such great-grandparents or the issue of such great-grandparents shall not be entitled to inherit from the decedent unless the decedent was at the time of his death an infant under the age of eighteen, or an adjudged incompetent. Provided, further, that this subparagraph nine shall be applicable only to the estates of persons dying on or after its effective date. ’ ’
The apparent intent underlying this section was to provide for inheritance by more remote distributees including second cousins in those two instances where it was believed that a valid will could not otherwise be executed by the deceased. By reason of the fact that the deceased, Jane G. Schaefer, was a competent adult at the time of her death the above section does not apply in the instant proceeding.
Bearing in mind that issue is defined as the “ descendants in any degree from a common ancestor ”, it is interesting to note that had Samuel Ay died leaving Jane G. Schaefer (the deceased in the instant proceeding) living that the result would be different. Samuel’s grandfather, as indicated above, is Joseph. Joseph (EPTL 4-1.1, subd. [a], par. [8]) would have been a distributee if living and if dead, his issue would take in his place. Notice, under such circumstances, that Jane is an issue of Joseph, to wit: a great granddaughter, entitling her to rights of inheritance.
Since the Willingham decision, decided by this court as stated at the outset of this decision, legislation has been enacted to extend the possibilities of inheritance to first cousins once removed (or even further removed) and even to extend the possibility of inheritance to second cousins (EPTL 4-1.1, subd. [a], par. [9]). There otherwise appears to be no further enlightenment on intestate distribution as affecting remote distributees.
*491 It is accordingly the decision of this court that Samuel Ay fails to qualify as a distributee under the applicable section of the EPTL and that the distributable estate will eventually escheat to the State of New York.