Gabrielli, J.
We hold that the record justifies the determination of the Appellate Division in annulling -the suspension of petitioner’s license upon a charge that he “ violated Section 106, subd. 6 of the Alcoholic Beverage Control Law* in that he suffered or permitted gambling on the licensed premises *85 on December 7, December 8, and December 11, 1971 ”. An undercover police officer sat at the bar during daytime hours for a total of some five or six hours over the period of these dates and observed a woman patron take money and make notations on a piece of paper. On the December 11 visit the officer returned with a search warrant and the same woman patron was found to possess one “ slip ” containing four horse-plays. It is conceded that there was no evidence that either the bartender or the licensee (who was on the premises for about one hour on only the December 11 visit) saw or knew that the woman patron had approached other customers in the fashion noted above. Regarding the officer’s surveillance while seated at the bar, he testified on direct that there was 1 * an unknown male negro ” bartender on duty on December 7 but then readily admitted that his memory was hazy and that he could not remember whether the bartender was male or female but that there was a male bartender on duty December 8. In fact, the record is clear from the licensee’s testimony that during the hours the officer states he was present on these days, petitioner employed a barmaid.
The finding of the Appellate Division that there was a complete absence of knowledge on the licensee’s part that any gambling was taking place, is not only supported by substantial evidence, but such a finding is required because of the complete lack of any evidence of knowledge on the part of the licensee or even on the part of the barmaid. The record is clear from the testimony of the officer that there was nothing to indicate that the barmaid saw any of the described activity.
In Matter of Triple S. Tavern v. New York State Liq. Auth. (31 N Y 2d 1006), this court on February 8, 1973 affirmed an order annulling a determination of the Authority on the opinion at the Appellate Division (40 A D 2d 522) in which that court held that a finding by the Authority that the licensee had suffered or permitted gambling was not supported by substantial evidence. There it was shown that an employee of the licensee, the barmaid, was actually engaged in seven gambling transactions on two days and that when the premises were later searched, three mutuel racehorse policy slips bearing 46 plays were seized from her. As here, however, there was no evidence to indicate the licensee knew or should have known of *86 any of these occurrences and the Appellate Division correctly held that to sustain a violation of section 106 it must he demonstrated that the licensee had knowledge or the opportunity through reasonable diligence to acquire knowledge of the alleged acts. In the case before us, there was no evidence, substantial or otherwise, which could or would indicate compliance with the requirement. Unlike the situation in Matter of Triple S. Tavern (supra) where an employee was taking the bets, here the initiator was a customer (cf. Matter of Conservative Grouping Corp. v. Epstein, 10 N Y 2d 956, 957; Matter of Huber v. O’Connell, 297 N. Y. 577).
There is no particular mystery or magic in the language of the statute. This court in Matter of Migliaccio v. O’Connell (307 N. Y. 566, 568) defined the intent of the statute when it stated that “ [i]n considering what is implied by the phrase ‘ suffer or permit ’ as employed in the statute quoted above, we are guided by what was written for this court (per Cardozo, J.) in People ex rel. Price v. Sheffield Farms (225 N. Y. 25, 30): ‘ Sufferance as here prohibited implies knowledge or the opportunity through reasonable diligence to acquire knowledge. 3?his presupposes in most cases a fair measure at least of continuity and permanence.’ ” Can it be said that this record supports a conclusion that there was £ £ a fair measure at least of continuity and permanence ”? We think not. The gravamen of the charge. under section 106 is the licensee’s complicity, actual or implied, in permitting gambling. On this record there is insufficient evidence to support the licensee’s implied acquiesence in any such activity. (See, e.g., Matter of Hoban & Sullivan v. New York State Liq. Auth., 304 N. Y. 712.)
The dissenters intimate that they would not have found constructive notice on the facts in this ease, but conclude that there was substantial evidence to support the determination of the Authority. It is appropriate to emphasize that the officer categorically stated that neither the bartender nor the licensee was observed to have seen any of the claimed activity.
They further attempt to distinguish Matter of Triple S. Tavern v. New York State Liq. Auth. (31 N Y 2d 1006, supra) by stating that “ [t]he gambler in that case was an employee óf the licensee who this court concluded was not a manager and had not ibeen ¡given either managerial or supervisory responsiibili *87 ties ” and they add that “ her [the employee’s] knowledge could not properly be imputed to the licensee It is sufficient to say, first, that there is not even a scintilla of evidence that the bartender was given any managerial authority, second, that in the case now before us, the alleged gambler was not an employee, and third, -that there was just no evidence to even intimate the employee knew of any of the claimed activity.
We think the incongruity of their position is further displayed by the argument that since the gambler in Triple 8. Tavern was an employee of limited responsibility, the licensee was not subject to penalty for the employee’s transgressions, and they then theorize that the licensee in the present case is to be held responsible for the acts of a patron because of alleged and completely unfounded, we believe, constructive notice thereof on the part of the bartender (whose duties were obviously the same as in Triple S. Tavern) and, in turn, that constructive knowledge should then be imputed to the licensee.
The judgment of the Appellate Division should be affirmed.

 Subdivision 6 of section 106 provides in pertinent part that “ No person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises ”.