■ In the Matter of Pow Wow, Inc., Petitioner, v New York State Liquor Authority, Respondent.—Determination of the New York State Liquor Authority, dated November 20, 1974, suspending petitioner's license annulled, on the law, without costs and without disbursements, and the

petition granted. Petitioner was charged with a violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law (permitting the premises to become disorderly). On two occasions, two months apart, police officers either solicited or were solicited by two females for immoral purposes. The conversations were not overheard by anyone connected with management, nor is there any circumstance shown to indicate the licensee should have been aware of the solicitation. On both occasions the police officers left the premises with the females without any action against or notice to petitioner. This appears to be the first complaint in an otherwise unblemished 10-year operation. After a full hearing the deputy commissioner hearing officer found that the charges were not sustained and recommended dismissal. The three-member authority reversed by a divided two-to-one vote and sustained the charges. We agree with the hearing officer and the dissenting member of the liquor authority. There is not the requisite substantial evidence to support the determination. (Matter of Migliaccio v O'Connell, 307 NY 566; Matter of Baldwin Bar & Grill v State Liq. Auth., 31 AD2d 618.) Concur—Kupferman, J. P., Murphy, Capozzoli and Nunez, JJ.; Lane, J., dissents in the following memorandum: On two separate occasions, police officers entered the premises of the petitioner and were solicited by females for immoral purposes. On the first occasion, in late November, 1973, two police officers seated themselves at the bar and were approached by a female. She asked them if they knew "what the story is" with the bar and one officer responded that he had already been given the "lowdown." The two officers and the female then went to a table to await the return of another girl. When the second girl returned, a price was negotiated, one officer paid the bar tab, and the parties left by cab. While in the cab the two females were arrested. One officer further testified that, prior to being introduced to the second girl, he had seen her leave petitioner's premises and then return alone some 20 minutes later. The officer who paid the tabs further testified that he noticed the names of the two females on the tabs which he paid and noticed that the other tabs on the bartender's rack also had female names on them. The second occurrence, involving two other police officers on the same premises, took place in January, 1974. A similar scenario ensued. When the parties entered the cab on this second occasion, one female directed the driver to "the usual place." The officers placed the females under arrest. Interestingly enough, the same two females were involved in both incidents. It was conceded by the officers involved that the bartender on both occasions did not overhear the conversations involving solicitation. Petitioner was charged with violation of the Alcoholic Beverage Control Law. Subdivision 6 of section 106 of that law provides in pertinent part that "No person licensed to sell alcoholic beverages shall suffer or permit * * * such premises to become disorderly." The hearing officer found as a fact that both acts of solicitation did occur on the nights in question. We are all in agreement that these findings are based on substantial evidence, but there is a parting of the ways with regard to the conclusions to be drawn therefrom. A finding that petitioner "suffered" disorderliness does not require proof of actual knowledge (Matter of Show Boat of New Lebanon v State Liq. Auth., 33 AD2d 954, affd without opn 27 NY2d 676; Matter of Becker v New York State Liq. Auth., 21 NY2d 289). If the petitioner knew or should have known of the asserted disorderly condition on the premises and tolerated its existence, he is in violation of the statute. (Matter of Playboy Club of N. Y. v State Liq. Auth., 23 NY2d 544, 550; Matter of Missouri Realty Corp. v New York State Liq. Auth., 22 NY2d 233, 236). Concededly such a statutory violation is not supported by substantial

evidence if it involves a single surreptitious act *(Migliaccio v O'Connell* 307 NY 566; *Matter of Stanwood United v O'Connell,* 306 NY 749), even if the employee of the alleged offending party was privy to that act *(Matter of Missouri Realty Corp. v New York State Liq. Auth.,* 22 NY2d 233 , *supra; People ex rel Price v Sheffield Farms-Slawson-Decker Co.,* 225 NY 25). However, in the case at bar, the facts revealed that there was solicitation by the same females on two separate occasions. One female was observed by a police officer leaving with a male and returning alone 20 minutes later. The names of the females were on the bar tabs. When the bartender was examined as to how he maintained the tabs, he conceded that, while he used codes involving table or seat numbers, if he knew an individual he put the person's name down. The waitress testified to the same effect. Under such circumstances—with females known to the management (witness their names on the bar tabs) soliciting for immoral purposes on the premises; with evidence of a female on at least one occasion leaving the premises escorted by a male and returning alone some 20 minutes later; with the bar tabs recording female names—the appropriate inference which must necessarily be drawn is that the petitioner knew or should, through appropriate diligence, have acquired knowledge of the "disorderliness" on the premises. Petitioner cannot hide behind a veil of ignorance when proper inquiry and reasonable supervision on the part of its managers would have revealed the true circumstances. Accordingly, the determination of the New York State Liquor Authority, dated November 20, 1974, suspending petitioner's license, should be confirmed.