In the Matter of 1163 CLINTON AVENUE NORTH, INC., Petitioner, v STATE LIQUOR AUTHORITY OF THE STATE OF NEW YORK, Respondent.—Petition unanimously granted, without costs, and determination annulled. Memorandum: This is a proceeding to review determination imposing a penalty consisting of a letter of warning plus a $250 bond claim pursuant to CPLR article 78. The letter of warning stated in pertinent part: "This Letter of Warning is addressed to you advising that the Authority is in receipt of information reflecting that you have failed to exercise such care in supervising the operations of your licensed business as is required to prevent the existence on your licensed premises of certain violations, to wit: The conduct of premises bartender, Rolf King, leading to his arrest on June 6, 1974, on charges of obstruction of governmental administration, was of such improper nature as to warrant revocation, cancellation or suspension of this license in accordance with 9 NYCRR 53.1-N (formerly Rule 36, subdivision 1-N) of the Rules of the State Liquor Authority." The proceedings before the authority were premised solely upon whether the conduct of Rolf King, brother of the licensees, was an act of sufficient gravity to require a revocation, cancellation or suspension and whether the corporate licensee (brothers) was in any way responsible. The testimony at the hearing held on December 12, 1974 relative to the charges may be summarized as follows: the Rochester City Police Officer stated that on June 6, 1974, after receiving a complaint of a mugging outside of the licensed premises, he proceeded to the scene where the mugging victim, John Hart, told the officer that he believed one or more of the muggers had entered the licensed premises. The officer (Sergeant Morf) entered the premises and saw Rolf King sitting on a bar stool. As the officer proceeded into the bar area, King got off the stool and asked Sergeant Morf what he wanted. The officer said King blocked his passage for approximately 20 to 30 seconds and that when he (the officer) walked around him, King grabbed his arm but did not otherwise restrain him. According to Sergeant Morf, King did not follow him and he was able to complete his search of the premises. Sergeant Morf further testified that Rolf King again blocked his passageway as he was about to leave the premises, and that King told him that he was in charge of the premises. The mere fact that the person arrested on the premises for "governmental obstruction" was a brother of the corporate licensees and that he occasionally "locked up" at closing made him at best a part-time employee. There was no evidence from the corporate records that the arrested individual was employed on the night in question and, despite the testimony of the police sergeant, there were several witnesses who testified that he was not employed that night and had no managerial capacity at that time. The record indicates that there was no substantial evidence that the officers or directors of the appellant corporation knew or had reason to know about the act in question nor that they had in any way instigated, promoted or condoned it. The Court of Appeals in *Matter of Playboy Club of N. Y. v State Liq. Auth.* (23 NY2d 544, 550) held: "It is still the rule, as this court recently reaffirmed in the *Missouri Realty* case (22 N Y 2d, at p. 237), that conduct is not 'suffered or permitted' unless ' "the licensee or his manager knew or should have known" ' of the asserted disorderly condition on the premises and tolerated its existence. (See, also, *Matter of Migliaccio v. O'Connell,* 307 N. Y. 566, 569.)" The recent case of *Matter of Martin v State Liq. Auth.* (49

AD2d 941) held: "There was not substantial evidence in the record to support a finding that petitioner knew of or suffered gambling on her premises. The mere fact that a nonmanagerial employee took bets on six occasions while petitioner was absent, and that when arrested she was in possession of betting slips, was not sufficient to show that petitioner should have known of the gambling activity had she exercised due diligence to discover such activity [citations omitted]." It was held in *Matter of Collins v State Liq. Auth.* (48 AD2d 848, 849): "Although petitioner admitted that the bartender was 'in charge' during his brief absence, there is no evidence in the record that the bartender is a manager, officer or one possessed with managerial authority (see *Matter of Leake v Sarafan,* 35 NY2d 83, 87)." A proceeding involving facts somewhat similar to those in this proceeding was treated in *Matter of Pow Wow v New York State Liq. Auth.* (48 AD2d 612). The court held that there was no evidence that the licensee knew or should have known of the charged misconduct and the determination suspending the license was annulled *(Matter of Migliaccio v O'Connell,* 307 NY 566). Here we have no evidence that the corporate licensees had any notice, actual or implied, of any tendency on the part of the arrested individual to act in the manner in which he did. A similar situation was treated by the court in *Matter of Triple S. Tavern v New York State Liq. Auth.* (40 AD2d 522): "In our opinion, the finding that the corporate licensee 'suffered or permitted' gambling on the licensed premises in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law is not supported by substantial evidence. * * * The cases in this area indicate that an employee's illegal activities will not necessarily be imputed to the corporate licensee. It must be demonstrated that the manager or a corporate officer had knowledge or the opportunity through reasonable diligence to acquire knowledge of the illegal acts [citations omitted]." The record does not demonstrate that a manager or a corporate officer had knowledge or the opportunity through reasonable diligence to acquire knowledge of the illegal acts. Since the finding of the authority was not based upon the "substantial evidence" requirement of CPLR 7803 (subd 4), the determination must be annulled (see *Matter of Missouri Realty Corp. v New York State Liq. Auth.,* 22 NY2d 233). (Article 78 proceeding transferred by order of Monroe Supreme Court.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.