Memorandum. The judgment of the Appellate Division is affirmed. The State Liquor Authority found that petitioner had suffered or permitted gambling on the licensed premises on six separate occasions between April 1 and April 24, 1974 in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. The Appellate Division annulled that determination on the ground that there was insufficient evidence to support a finding that the licensee should have discovered the gambling activity by the exercise of due diligence. We agree.
The Half Moon Restaurant had operated for 15 years without incident, except for a minor violation some eight years prior to these charges. The licensee and owner, Mary Martin, *79 had employed Rose Unnerberg as a daytime barmaid for approximately five years. Between April 1 and April 24, 1974 a plainclothes policeman had observed Unnerberg accepting horse racing bets on the licensed premises on six separate occasions, resulting in her arrest and eventual plea of guilty to promoting gambling. But the mere fact that an illegal activity occurred on the licensed premises is not sufficient to support a violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. It is required that there be substantial evidence to support a finding that the licensee "suffered or permitted” gambling on the premises. Our interpretation of the meaning of this language has been guided by the oft-quoted passage of Judge Cardozo in People ex rel. Price v Sheffield Farms Co. (225 NY 25, 30): "Sufferance as here prohibited implies knowledge or the opportunity through reasonable diligence to acquire knowledge. This presupposes in most cases a fair measure at least of continuity and permanence.” Thus the pivotal issue in this case is whether there was substantial evidence to find that the licensee, through the exercise of reasonable diligence had an opportunity to learn of the illegal gambling and thus can be said to have impliedly acquiesced in such activity (Matter of Leake v Sarafan, 35 NY2d 83; Matter of Migliaccio v O’Connell, 307 NY 566).
There was no evidence whatsoever that the licensee had actual knowledge of the gambling activity. Indeed, there was a specific finding that the licensee had no knowledge of any such activity. Further, there was also a finding of fact that Unnerberg had only limited supervisory responsibility, despite the fact that the only evidence in the proceeding on this subject came from the licensee to the effect that Unnerberg had no such responsibility. Absent a finding that the licensee had given the barmaid unequivocal supervisory responsibility, Unnerberg should not be deemed an agent whose knowledge could be imputed to the licensee (see Matter of Triple S. Tavern v New York State Liq. Auth., 31 NY2d 1006, affg 40 AD2d 522; Matter of Reuben, Inc. v State Liq. Auth., 268 App Div 981, affd 294 NY 730; Matter of Stevensville Lake Holding Corp. v O’Connell, 269 App Div 804). The licensee visited the premises each morning for the purpose of ordering supplies and was in and out of the premises intermittently every day. The record further indicated that the licensee admonished Unnerberg when hired not to engage in gambling or any *80 activity which would jeopardize the license and that immediately on learning of Unnerberg’s arrest she was discharged. Unnerberg had been employed without incident for five years and during this time the licensee had actively participated in the business, providing ample opportunity to observe her employee. The pattern of intermittent visits to the restaurant and the prior unblemished employment record of the barmaid can in no way serve to impute knowledge of illegal gambling to the licensee and the record is devoid of any further evidence warranting such an imputation. We find insufficient evidence to support a finding that through due diligence the licensee had an opportunity to discover and prevent the gambling activity of Unnerberg. Further the proof in this record is insufficient to impute knowledge to the licensee on the basis of a continuous and permanent activity (Matter of Triple S. Tavern v New York State Liq. Auth., supra). Thus the Appellate Division was correct in holding that this record lacked substantial evidence to support a finding that the licensee had constructive notice of the gambling.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur; Judges Jasen and Cooke dissent and vote to reverse for the reasons stated in the dissenting memorandum by former Justice Fred J. Munder at the Appellate Division (49 AD2d 941).
Judgment affirmed, with costs, in a memorandum.