■ Patsy Italiano, II, Doing Business as James Tavern, Petitioner, v Liquor Authority of the State of New York, Respondent.—Petition unanimously granted and determination annulled, with costs. Memorandum: Petitioner seeks annulment of the suspension of his liquor license by the Liquor Authority of the State of New York. It found that petitioner had violated subdivision b of section 106 of the Alcoholic Beverage Control Law by suffering or permitting the licensed premises to become disorderly. The finding was based on a single incident which took place while a bartender was in charge during petitioner's absence. Two liquor authority investigators testified at the hearing that while in the tavern one of them was solicited for immoral purposes by a female patron. There was evidence indicating, and the liquor authority found, that the bartender was aware of the transaction. Subdivision b of section 106 of the Alcoholic Beverage Control Law prohibits a person licensed to sell alcoholic beverages from suffering or permitting the premises to become disorderly. Sufferance of an activity in this context implies knowledge of the activity. *(Matter of Martin v State Liq. Auth.,* 41 NY2d 78; *Matter of Leake v Sarafan,* 35 NY2d 83.) There is no evidence that petitioner actually knew of the incident or that he was present. It is well established that a single occurrence is not sufficient

to impute constructive knowledge to the licensee. See, e.g., *Matter of Martin v State Liq. Auth. (supra),* where the court held that a barmaid's acceptance of horse-racing bets on six separate occasions did not support a finding that the licensee knew or should have known of the activity. (See, also, *Matter of Migliaccio v O'Connell,* 307 NY 566; *Matter of St. Alban's Bowl v New York State Liq. Auth.,* 20 AD2d 543; *Matter of Triple S. Tavern v New York State Liq. Auth.,* 40 AD2d 522; *Matter of Leake v Sarafan, supra.)* Nor can the bartender's knowledge be attributed to the petitioner. An employee who is merely in charge during the owner's absence, as was petitioner's bartender, is not the owner's manager or his agent such that his knowledge could be imputed to the owner. (See *Matter of Triple S. Tavern v New York State Liq. Auth., supra; Matter of Martin v State Liq. Auth., supra; Matter of Collins v State Liq. Auth.,* 48 AD2d 848.) As there was no basis for finding that petitioner suffered or permitted the prohibited activity, the determination must be annulled. (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present—Moule, J. P., Cardamone, Simons, Hancock and Denman, JJ.