43 N.Y.2d 721 (1977)
In the Matter of David J. Falso, Doing Business as Palm Gardens Restaurant, Appellant,
v.
State Liquor Authority, Respondent.
Court of Appeals of the State of New York.
Argued October 7, 1977.
Decided November 21, 1977.
Francis A. Discenza for appellant.
Barry C. Plunkett and Warren B. Pesetsky for respondents.
Chief Judge BREITEL and Judges JASEN, JONES and COOKE concur in memorandum; Judges GABRIELLI, WACHTLER and FUCHSBERG dissent and vote to reverse in a separate memorandum.
*722 MEMORANDUM.
The judgment of the Appellate Division should be affirmed, with costs.
It is true that the evidentiary fact pattern in this case resembles that in Matter of Martin v State Liq. Auth. (41 N.Y.2d 78). In Martin, however, the penalty had been imposed by the authority on the basis of a finding that by the exercise of due diligence the licensee should have discovered the gambling activities of her barmaid, i.e., on the theory of personal knowledge of the licensee. The Appellate Division held that there was insufficient evidence to support that finding and incidentally concluded that the barmaid was a "nonmanagerial employee". We found no reason to disturb that disposition and accordingly upheld the Appellate Division. As we wrote, "the pivotal issue in this case is whether there was substantial evidence to find that the licensee, through the exercise of reasonable diligence had an opportunity to learn of the illegal gambling and thus can be said to have impliedly acquiesced in such activity" (41 NY2d, at p 79).
In the present case the penalty was imposed on a different theory  that the licensee may be penalized even for a single instance of tolerance of gambling by an employee who exercises managerial authority, i.e., on the theory that the licensee is responsible for action of his manager. The hearing officer found that the licensee regularly left his brother in charge of the licensed premises during one hour in the morning and four hours in the afternoon when the licensee was not there. *723 That finding was the predicate for imposition of the penalty. The Appellate Division confirmed the authority's determination, noting that, while the licensee's brother may not have had an official managerial title, there was substantial evidence to support the conclusion that the brother exercised managerial authority with reference to activities on the licensed premises when the licensee was not present. It is not necessary that the management responsibility delegated to the employee be that for the conduct of the entire enterprise, e.g., including purchase and sale of supplies, physical maintenance of the premises; it suffices if the employee is given responsibility for the operation of the premises and the conduct of the licensed activity thereon on other than a casual or temporary basis. Hence, here, as we did in Martin, we uphold the Appellate Division.
The conclusion that the licensee had vested managerial authority in his brother as bartender is a factual determination. We agree with the Appellate Division that there is substantial evidence in the record for its support and that the failure to confer a managerial title does not negate the conclusion as to this employee's status. As a proposition of law, there can be no question that, for the purposes of the proscription of subdivision 6 of section 106 of the Alcoholic Beverages Control Law, a licensee normally is chargeable with the conduct of an employee who has been given managerial responsibility.
GABRIELLI, WACHTLER and FUCHSBERG, JJ. (dissenting).
The determination of the State Liquor Authority should be annulled. The majority contends that there was substantial evidence to support the holding by the Appellate Division that the employee exercised managerial authority. Initially, it should be noted that neither the hearing officer nor the members of the full board of the State Liquor Authority made any finding that the employee was a manager or that the licensee had given the employee unequivocal supervisory responsibility. In cases where such a finding of managerial authority is made and supported by substantial evidence, then the law permits an imputation of the knowledge of the employee to the licensee (Matter of Triple S. Tavern v New York State Liq. Auth., 31 N.Y.2d 1006, affg 40 AD2d 522), but such is not the case here. It is the relationship between the employee and the licensee which permits imputation, but only when the licensee has delegated responsibility to the employee. An *724 employee may not unilaterally assume managerial status, with the consequent effect on the licensee, by merely acting as though he has such authority on a single occasion. There is no direct evidence in this case that the employee had managerial duties and indeed, the testimony of the licensee indicated that he reserved all supervisory and managerial functions to himself.
Although the hearing officer made a finding that the employee was "in charge" during the absence of the licensee, such a finding cannot be deemed equivalent to a determination that the employee had managerial authority. This finding amounts to nothing more than the licensee expecting his employee to "mind the store" in his absence. It confers no responsibility to act on his behalf. Certainly, the fact that the employee happened to be related to the licensee does not make the appellant "his brother's keeper".
The attempts to distinguish Matter of Martin v State Liq. Auth. (41 N.Y.2d 78) are totally unavailing. If the Appellate Division and the State Liquor Authority had the benefit of our holding in Matter of Martin, handed down subsequent to their determinations, this case would not be before us. In Martin the authority had made a finding of fact that the barmaid "had * * * limited supervisory responsibility" and urged that on the basis of this finding knowledge of the illegal activity should be imputed to the licensee. We unmistakenly and specifically rejected this contention, holding that "[a]bsent a finding that the licensee had given the barmaid unequivocal supervisory responsibility, Unnerberg [the barmaid] should not be deemed an agent whose knowledge could be imputed to the licensee" (Matter of Martin v State Liq. Auth., supra, p 79). In the case before us, there was no finding of even limited supervisory responsibility and yet the majority would allow the Appellate Division to infer managerial authority and draw imputed knowledge therefrom.
It is, of course, undisputed and indeed must be conceded that there never has been a claim that the licensee had actual knowledge of any gambling activity on the premises, neither is there any proof nor indeed even a claim of any implied acquiescence by him in the single episode presented in this case.
In Matter of Martin the precise question presented here was before this court on a record with findings of fact much more substantively compelling. Martin involved six separate occasions *725 on which illegal activity transpired, although here there is but one. Martin involved a licensee with a previous violation whereas David Falso has none. Finally, the record in Martin included a finding of fact that the employee had supervisory responsibility and there is no such finding herein. We can do nothing less than conclude that Matter of Martin is controlling.
As a matter of sound judicial policy, stable and recently redeclared decisional law should not be lightly cast aside lest the court create conflicting and contradictory precedent, disjointing the necessary continuity in law. Indeed, our court has recently spoken on several occasions for the need to respect the doctrine of stare decisis (cf. Donawitz v Danek, 42 N.Y.2d 138, 142; People v Hobson, 39 N.Y.2d 479, 487-491; Matter of Eckart, 39 N.Y.2d 493, 498-500). The need for stability and predictability in the law, although not absolute, mandates consistent application of the law, even in the sometimes tenuous and difficult cases involving review of administrative proceedings. Once a rule has been established adherence should follow, absent "cogent reasons" to depart from its application (see Baker v Lorillard, 4 N.Y. 257, 261).
Failure to follow recent precedent renders law a game of chance and the most "deplorable consequence will inevitably be that the administration of justice will fall into disrepute. Respect for tribunals must fall when the bar and the public come to understand that nothing that has been said in prior adjudications has force in a current controversy" (Mahnich v Southern S. S. Co., 321 US 96, 113 [ROBERTS, J., dissenting]).
Accordingly, we would reverse and annul the determination of the authority.
Judgment affirmed.