■ In the Matter of HUSTLE DISCO CORP., Doing Business as CHAZ, Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated December 27, 1977, which, after a hearing, suspended petitioner's special on-premises liquor license for 15 days, eight days of which were deferred. Petition granted; determination annulled, on the law, without costs or disbursements, and the charges against petitioner are dismissed. The evidence established that a bartender in the licensee's establishment grabbed a patron by the hair and bit him on the cheek because he was keeping time to the music by tapping both the side of his glass and the mirrored bar with his hand while he was wearing rings and after he had been warned to stop. The incident is more akin to barroom horseplay than to a serious assault. The patron was not seriously hurt and there was no evidence that the assault caused other disorder. Moreover, there is no proof that the bartender who bit the patron was in charge of the establishment or was authorized to maintain order, and there was no finding by the hearing officer that a manager who was on the premises knew or should have known that the brief assault was taking place. Under these circumstances, there was insufficient evidence in the record to support a finding that the licensee violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law by suffering or permitting the premises to become disorderly (see *Matter of Playboy Club of N. Y. v State Liq. Auth.*, 23 NY2d 544; *Matter of Collins v State Liq. Auth.*, 48 AD2d 848). Titone, J. P., Rabin, Gulotta and Hawkins, JJ., concur.