■ In the Matter of the Estate of ROBERT H. KRUMMENAUER, Deceased. ANTHONY MASTROIANNI, Respondent; EMMA HANLON et al., Appellants; ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent. — In an accounting proceeding, the appeal, as limited by appellants' brief, is from so much of an order of the Surrogate's Court, Suffolk County, dated January 3, 1980, as, upon reargument, adhered to its original determination denying appellants' motion for an order adjudging the decedent an incompetent *nunc pro tunc* as of the date of his death. Order affirmed insofar as appealed from, without costs or disbursements. Decedent died intestate and appellants are issue of the deceased's great-grandparents. They can inherit only if the decedent "was at the time of his death an infant or an adjudged incompetent" (EPTL 4-1.1, subd [a], par [9]). Where an adult who has not been adjudicated an incompetent during his lifetime dies intestate, EPTL 4-1.1 (subd [a], par [9]) does not apply (see *Matter of Schaefer,* 76 Misc 2d 488; Rohan, 1971 Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 17B, EPTL 4-1.1, 1980-1981 Pocket Part, pp 126-127). The original motion was properly denied and the matter shall continue as an uncontested accounting. Hopkins, J.P., Mangano, Rabin and Weinstein, JJ., concur.

■ In the Matter of GEORGE LINCON Doing Business as FULL SAIL INN, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review two determinations of the respondent New York State Liquor Authority, both dated August 27, 1980, the first of which sustained certain charges that petitioner had violated the Alcoholic Beverage Control Law and Rules of the State Liquor Authority and imposed the penalty of revocation of petitioner's tavern liquor license and forfeiture of a $1,000 bond, and the second of which directed that the liquor license not be renewed and that it be recalled. Determinations confirmed and proceeding dismissed on the merits, without costs or disbursements. The determination that petitioner had violated the Alcoholic Beverage Control Law and the Rules of the State Liquor Authority was supported by substantial evidence upon the record as a whole (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). The penalty imposed was not so disproportionate to the offense as to shock one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Respondent did not abuse its discretion or act in an arbitrary or capricious manner in declining to renew petitioner's license (see *Matter of Collins v State Liq. Auth.,* 48 AD2d 848). Lazer, J.P., Cohalan, Margett and O'Connor, JJ., concur.