■ In the Matter of LA BAMBA BAR, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—In this CPLR article 78 proceeding transferred to this court by order of the Supreme Court, New York County (Ciparick, J.), filed February 10, 1988, the determination of the New York State Liquor Authority, dated December 28, 1987, which sustained a charge of disorderly premises in violation of Alcoholic Beverage Control Law § 106 (6), and which imposed a penalty of cancellation plus a $1,000 bond claim, is annulled, on the law, vacated, and the charge dismissed, without costs.

At the hearing before an Administrative Law Judge held on March 27 and April 8, 1987, the evidence was as follows:

On September 8, 1984, shortly after 2:00 A.M., Lt. William Shannon of the New York City Police Department directed

Police Officer Daniel Greenwald, who was in plain clothes, to enter the La Bamba Bar and examine it for activity related to prostitution. The police were investigating complaints of prostitution at the bar. Officer Greenwald entered the premises but returned to the unmarked police car near the bar to say that he had been recognized as the officer who had arrested someone in the bar for prostitution the night before. Greenwald told him that some transvestites in the bar appeared to be soliciting sex. Lt. Shannon then entered the bar and, after several minutes, a man dressed as a woman approached him. After some conversation, the transvestite agreed to perform oral sex for $20. Prior to their leaving the bar, the transvestite asked Lt. Shannon if he was a police officer and further asked the bartender if Lt. Shannon "look[ed] all right" and if he [the transvestite] could "go with him [the officer]". The bartender allegedly responded "Yeah, its okay."

On this record we find that substantial evidence was lacking to find the petitioner guilty of suffering or permitting the premises to become disorderly. There was testimony of only one solicitation, unknown to the owners or managers. *(See, Matter of Migliaccio v O'Connell,* 307 NY 566 [1954]; *Matter of Cat & Fiddle v State Liq. Auth.,* 24 AD2d 753 [1st Dept 1965]; *Italiano v Liquor Auth.,* 59 AD2d 820 [1977].)* No details were given about the complaints of prostitution or the arrest of the previous night. Moreover, there was no testimony that the bartender had heard the solicitation of sex. The owners of the premises, who were its only managers, were not at the bar when the solicitation occurred. Accordingly, the charge should have been dismissed.

Were we not dismissing, we would remand for reconsideration of the penalty on the grounds of excessiveness. Concur—Murphy, P. J., Ross, Carro, Milonas and Smith, JJ.