■ In the Matter of RAY'S TENDERLOIN, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination suspending the petitioner's restaurant liquor license for 20 days, unanimously annulled on the law, with $20 costs and disbursements to the petitioner. The petitioner was charged with violations of subdivision 6 of section 106 of the Alcoholic Beverage Control Law arising out of the claim that it had permitted the licensed premises to become disorderly. We conclude that the record does not contain the substantial evidence necessary to sustain the State Liquor Authority's finding of petitioner's guilt. Taking the evidence in its aspect most unfavorable to the petitioner we find nothing to indicate that the bartender (the president of the petitioner) in this isolated incident had or should have had knowledge of any unbecoming conduct. As to the alleged solicitation, the

bartender had no opportunity to hear the conversation between the woman and the police officer and learn the substance thereof. On this record the finding that this petitioner — with no prior violation history — suffered and permitted the premises to become disorderly and failed to exercise proper supervision may not stand. (See *Matter of Hotel Corp. of Amer.* v. *State Liq. Auth.,* 13 A D 2d 733; *Matter of Mur-Art-Sol* v. *State Liq. Auth.,* 6 A D 2d 683.) Concur — Breitel, J. P., Rabin, Stevens, Steuer and Bastow, JJ.