■ In the Matter of DIXON TAVERN, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Determination of respondent, dated July 21, 1977, inter alia, canceling petitioner's special on-premises liquor license and entering an order of recall (nonrenewal) with respect to petitioner's license for 1977–1978, unanimously modified, on the law, without costs and without disbursements, to the extent of: (a) annulling the findings with regard to specifications 1 and 2 in the revocation proceeding and the penalties imposed in said proceeding; and (b) annulling the order of recall of petitioner's license for 1977–1978, and the proceeding is remanded to the authority to reconsider the penalty to be imposed with regard to the revocation proceeding and to further consider what action should be taken with regard to renewal of the petitioner's license, and otherwise confirmed. Petitioner corporation was issued a special on-premises liquor license on or about March 1, 1965, which was renewed periodically until the proceedings with which we are concerned. On February 1, 1977, the respondent authority instituted a proceeding pursuant to sections 118 and 119 of the Alcoholic Beverage Control Law to revoke petitioner's license on the following charge: "That the licensee violated Section 106, Subd. 6 of the Alcoholic Beverage Control Law in that it suffered or permitted the licensed premises to become disorderly by suffering or permitting traffic in narcotics on January 15, 1975, March 3, 1975 and March 7, 1975." The respondent authority also served petitioner with a notice of contemplated recall of its license alleging first that the licensee's sole principal "snorted cocaine in the licensed premises on March 7, 1975"; and going on to allege in a second specification that he accordingly was "not a fit and proper person to be licensed." Following a hearing with regard to the revocation proceeding, the hearing officer concluded that the charge was sustained with regard to the date of March 7, 1975, but that the charges were not sustained with regard to January 15 and March 3, 1975. After completion of the contemplated recall interview, in which no evidence was presented supporting the charge that petitioner's principal had snorted cocaine on the premises, the hearing officer found that neither that specification nor the second specification alleging that petitioner's principal was "not a fit and proper person" was sustained. Thereafter, on July 13, 1977, the members of the respondent authority reviewed the findings and with regard to the revocation proceeding sustained the finding of the hearing officer with respect to March 7, 1975, reversed his findings with regard to January 15, 1975 and March 3, 1975, thus sustaining those specifications, and fixed as the appropriate

penalty cancellation as to the date of March 7, 1975, and letters of warning as to the earlier dates. In addition, as to the recall proceeding, the hearing officer's finding was sustained with regard to specification 1, but reversed as to specification 2, which was sustained "based on the charge in the Revocation proceeding" and an order of recall for 1977 and 1978 was entered. One member dissented and voted to suspend petitioner's license for 30 days and to impose a $1,000 bond claim, and otherwise voted for the renewal of petitioner's license. As to respondent's finding that petitioner violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law on March 7, 1975 in that it permitted the licensed premises to become disorderly by allowing a traffic in drugs, the evidence is substantial and clearly supports that determination. As to the findings with regard to January 15 and March 3, 1975, in which the authority reversed the contrary findings of its hearing officer, it is clear that the licensee's authorized agent was not demonstrated to have actual knowledge of the narcotics transactions that in fact took place in the premises on those dates. Nor does the evidence fairly support the conclusion that she should have known of those transactions. The evidence as to January 15 and March 3, 1975, derived primarily from the testimony of an undercover narcotics police officer, discloses a similar sequence of events. The officer testified to activities and conversations with others that would not invite the inference of criminal activities, and also to conversations of a criminal character that were not realistically audible to petitioner's agent. On January 15, 1975, the narcotics transaction was consummated in the ladies' room, and on March 3, 1975, the transaction was completed in the men's room. The entry of two men into the ladies' room, which occurred on January 15, would clearly be a suspicious circumstance. However, the testimony clearly indicates that petitioner's principal, in the normal course of her movements, was so placed that it could not be fairly inferred that she observed this activity. Under the circumstances described, this failure to observe does not reasonably justify an inference of culpability. We appreciate and share the authority's concern that licensees should be alert to criminal transactions occurring in their premises, particularly of the serious character disclosed here, but the evidence before the hearing officer, accurately summarized by him, falls short of that which would be required in our view reasonably to impose a burden of constructive knowledge on the petitioner. (Cf. *Matter of Becker v New York State Liq. Auth.,* 21 NY2d 289; and *Matter of Kerma Rest. Corp. v State Liq. Auth.,* 21 NY2d 111.) The revocation proceedings are accordingly remanded to enable the authority to determine the appropriate penalty to be fixed in light of the disapproval of two of the specifications on which it relied. Similarly, the order of recall must be nullified and remanded to the authority so that it may consider whether or not the single specification sustained here supports, in its view, specification 2 in the recall proceedings and, if so, what action it deems appropriate with regard to the renewal of the license. Concur—Kupferman, J. P., Lupiano, Yesawich, Sandler and Sullivan, JJ.