■    In the Matter of OZZIE's BAR & GRILL, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78, *inter alia,* to review two determinations of respondent, State Liquor Authority, both dated May 16, 1978, (1) one, *inter alia,* (a) canceling petitioner's special on-premises liquor license, effective May 23, 1978, and (b) imposing a $1,000 bond claim, and (2) the other, *inter alia,* (a) disapproving petitioner's renewal application, and (b) recalling the license theretofore issued to petitioner pursuant to a renewal stipulation. As to the first above-

mentioned determination, petition granted to the extent that the determination is modified, on the law, by annulling (a) respondent's findings as to Charge No. 2 in the revocation proceeding and (b) the penalties imposed in said proceeding. As so modified, determination confirmed, without costs or disbursements. As to the second above-mentioned determination, petition granted and determination annulled, on the law, without costs or disbursements. The matter is remitted to the respondent to reconsider the penalty to be imposed with regard to the revocation proceeding and to further consider what action should be taken with regard to renewal of the petitioner's license (see *Matter of Dixon Tavern v New York State Liq. Auth.,* 61 AD2d 768; cf. *Matter of Collins v State Liq. Auth.,* 48 AD2d 848). The authority's finding in the revocation proceeding to the effect that petitioner suffered or permitted the licensed premises to become disorderly, in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law, by suffering or permitting the trafficking in narcotics and/or controlled substances on 18 separate occasions is not supported by substantial evidence. To sustain such a charge, under the circumstances of this case, it must be shown that either the licensee's coprincipal, or its authorized agent, had either actual or constructive knowledge of the alleged narcotics transactions, i.e., knew or should have known of such transactions (see *Matter of Dixon Tavern v New York State Liq. Auth., supra).* It is not disputed in the instant case that the two people in question had no actual knowledge of the alleged transactions; nor do we find evidence in the transcripts of the proceedings which supports the conclusion that both or either of them had any constructive knowledge thereof. However, the remaining charges involving gambling and the sale of alcoholic beverages to a minor were supported by substantial evidence and must be confirmed. Under these circumstances, the authority must consider whether the determination, as modified, supports the penalties imposed in the revocation proceeding. Further, it is our view that the interest of justice requires that the authority also consider whether, in light of the disposition of this proceeding, it still desires to deny petitioner's renewal application and recall its license. We reach no other issue. Hopkins, J. P., Damiani, Gulotta, Cohalan and Hawkins, JJ., concur.