[867 NYS2d 380]

In the Matter of ALBANY MANOR INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.

First Department, October 30, 2008

### APPEARANCES OF COUNSEL

*Mehler & Buscemi*, New York City (*Martin P. Mehler* of counsel), for petitioner.

*Thomas J. Donohue*, New York City (*Scott A. Weiner* of counsel), for respondent.

### OPINION OF THE COURT

CATTERSON, J.

The question posed by this appeal is whether there is substantial evidence to support the finding that the petitioner, owner of a tavern located in Brooklyn, "suffer[ed] or permit-[ted]" the use of marijuana on its premises in violation of subdivision (6) of section 106 of the Alcoholic Beverage Control Law.

Following a hearing, the Administrative Law Judge (ALJ) found that a police officer observed a patron of the petitioner's tavern smoking a marijuana cigarette. The ALJ sustained the charge of violating subdivision (6) of section 106 of the Alcoholic Beverage Control Law. The State Liquor Authority thereafter accepted the ALJ's findings, revoked the tavern's liquor license and imposed a forfeiture of a $1,000 bond.

The police officer testified that she, along with eight other uniformed officers, her sergeant and members of the fire department, conducted a business inspection of the subject premises at 2:40 A.M. on July 2, 2006. Upon entering the tavern, she noticed an individual smoking marijuana approximately 8 to 10 feet away from her.

The officer stated that, although she canvassed the tavern, she did not see any other patrons smoking. The tavern was also inspected for various required signs, including "no smoking" signs, which were posted. The officer testified that it was dark and hard to see within the tavern and she used a flashlight not as a means to single out the patron, but to safely navigate the club. Notably, none of the other officers testified that they witnessed anyone smoking.

The petitioner testified that the establishment employed eight security guards, all of whom were working that night. Four security guards were posted outside the entrance of the club to

search and confiscate cigarettes and lighters from incoming patrons. Two guards stood at the door and two others walked around to ensure that no one smoked. Petitioner described the ventilation system within the club and stated that there was "no way that the place would smell full of marijuana." He stated that he did not personally see anyone smoking when the police performed their inspection.

The petitioner commenced this CPLR article 78 proceeding against the Authority, seeking an annulment of its determination on the grounds, principally, that (1) the record does not contain substantial evidence that it "suffer[ed] or permit[ted [the] premises to become disorderly" (Alcoholic Beverage Control Law § 106 [6]), and (2) the penalty imposed was arbitrary and capricious. Specifically, the petitioner argues that it cannot be said to have "suffered or permitted" its premises to become disorderly by the commission of a single, isolated and surreptitious illegal act by a patron under circumstances where the licensee could not with responsible diligence acquire knowledge of the act. We agree.

For the reasons set forth below we find that the evidence—a police officer's observation of one tavern patron smoking a marijuana cigarette on a single occasion—cannot possibly constitute substantial evidence that the petitioner "suffer[ed] or permit[ted] [its] premises to become disorderly" within the meaning of the Alcoholic Beverage Control Law.

"Judicial review of the determination made by an administrative agency . . . is limited to a consideration of whether that resolution was supported by substantial evidence upon the whole record." (See 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978].) "Substantial evidence, which has been characterized as a minimal standard, or as comprising a low threshold, must consist of such relevant proof, within the whole record, as a reasonable mind may accept as adequate to support a conclusion or ultimate fact." (Matter of Café La China Corp. v New York State Liq. Auth., 43 AD3d 280, 280 [1st Dept 2007] [internal quotation marks and citations omitted].) The test "relates to whether a particular action should have been taken or is justified . . . and whether the administrative action is without foundation in fact." (Matter of Pell v Board of Educ. of Union Free School Dist, No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974] [internal quotation marks and citation omitted].)

It is beyond dispute that the credibility determinations of an administrative law judge are entitled to great weight. (See Mat-

*ter of Café La China Corp.*, 43 AD3d at 281; *Matter of We Rest. v New York State Liq. Auth.*, 175 AD2d 165 [2d Dept 1991].) Indeed, for purposes of this appeal we accept as *true* all of respondent's allegations concerning the officer's observations of conditions on the premises on the early morning of July 2, 2006. However, it is also uncontroverted that the petitioner had a staff of eight security guards present on the night in question; that patrons were patted down prior to entry and cigarettes and lighters were removed; that the security staff patrolled the inside of the premises to stop any smoking and would call "311" if patrons refused to comply; that there were numerous "no smoking" signs throughout the premises; that there were no ashtrays on the premises; that the police officer had no conversations with the management that night about any smoking on the premises; and, that police had received "311" calls about the premises.

In our view, there is simply no evidence of record, let alone substantial evidence, that petitioner "suffered or permitted" marijuana to be smoked on the premises. To infer such permission or sufferance from a single customer observed to be smoking on a single occasion runs counter to considerable precedent. As the Court of Appeals painstakingly explained more than 50 years ago, addressing precisely this issue: "Sufferance . . . implies knowledge or the opportunity through reasonable diligence to acquire knowledge. This presupposes in most cases a fair measure at least of continuity and permanence." (*Matter of Migliaccio v O'Connell*, 307 NY 566, 568 [1954], quoting *People ex rel. Price v Sheffield Farms-Slawson-Decker Co.*, 225 NY 25, 30 [1918, Cardozo, J.].)

In affirming an order of the Appellate Division (283 App Div 1112 [1954]) annulling a determination of the State Liquor Authority, which had revoked a license for violation of section 106 (6), the law in question here, the *Migliaccio* Court determined that a single act of solicitation was not enough to justify a license revocation under the statute. The Court concluded:

> "We are not unmindful of the Authority's efforts to curb disorderly conduct in licensed premises. Where, however, premises are claimed to be disorderly within the purview of the statute, and the Authority asserts constructive knowledge on the part of the licensee, substantial evidence of disorderliness—beyond a brief single occurrence of which the licensee

may or may not have been aware—should be presented so as to establish that the licensee should have known that a disorderly condition prevailed." (*Migliaccio*, 307 NY at 569; *see Matter of Missouri Realty Corp. v New York State Liq. Auth.*, 22 NY2d 233, 237 [1968] [citing *Migliaccio* with approval].)

Tested by the standard set forth in *Migliaccio*, the proof in the instant case utterly fails to establish the violation charged. Like in *Migliaccio*, the act in question was brief and isolated, albeit, illegal. As a practical matter, there were few, if any, other safeguards that the petitioner could have taken to prevent the act from occurring. Since there is no evidence of record that the petitioner had knowledge of the act and there was no continuity nor permanence of any condition, we conclude that the petitioner did not permit or suffer the premises to become disorderly within the meaning of subdivision (6) of section 106 of the Alcoholic Beverage Control Law. (*See also Matter of Peanutbutter Jam v New York State Liq. Auth.*, 58 AD2d 703 [3d Dept 1977] [finding that there was insufficient evidence of disorderly conduct to revoke license where the incident out of which the charge grew (an argument between patrons) occurred without warning and was an isolated and spontaneous event which no amount of supervision was likely to prevent]; *Matter of Ray's Tenderloin, Inc. v New York State Liq. Auth.*, 20 AD2d 695 [1st Dept 1964] [finding that a licensee has not suffered or permitted his premises to become disorderly where there was no evidence that the licensee aided or condoned a single act of solicitation by a prostitute]; *Matter of Leake v Sarafan*, 35 NY2d 83 [1974] [where the licensee did not have knowledge or the opportunity through reasonable diligence to acquire knowledge of the alleged acts (gambling on the premises)].)

Even if an employee was the person smoking marijuana, precedent dictates that a single act is nonetheless simply insufficient. In *Matter of Playboy Club of N.Y. v State Liq. Auth. of State of N.Y.* (23 NY2d 544 [1969]), the Court of Appeals annulled the determination to suspend a license after a bouncer had hit a patron in an area of the premises not open to the public. The Court found no violation even if it "were to assume that there was support for a finding that the force used was excessive, there was no basis in law for holding the club responsible for such a single isolated act by its employee, an act which manifestly occurred on the spur of the moment." (23 NY2d at 550.)

Finally, respondent's failure to show that someone involved in the smoking of marijuana was in a managerial position precludes a violation of Alcoholic Beverage Control Law § 106 (6). In three cases directly involving narcotics and or controlled substances, the courts have found that without a finding of managerial involvement, there was no violation. (*See Matter of Richjen Rest. v State Liq. Auth.*, 51 NY2d 847 [1980] [three separate sales, no managerial involvement]; *Matter of De Palo v New York State Liq. Auth.*, 82 AD2d 831 [2d Dept 1981], *affd* 54 NY2d 950 [1981] [brief incident, no managerial involvement]; *Matter of Ozzie's Bar & Grill v New York State Liq. Auth.*, 66 AD2d 892 [2d Dept 1978] [18 separate occasions, no managerial involvement].)

Accordingly, the petition brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Edward H. Lehner, J.], entered on or about February 29, 2008), challenging the determination of respondent New York State Liquor Authority, dated January 9, 2008, which, upon a finding that petitioner violated Alcoholic Beverage Control Law § 106 (6), revoked petitioner's liquor license and directed forfeiture of its $1,000 bond, should be granted and said determination anulled, without costs.

Saxe, J.P., McGuire, Acosta and DeGrasse, JJ., concur.

Petition brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County, entered on or about February 29, 2008), granted and respondent's determination annulled, without costs.