Determination by respondent State Liquor Authority, dated July 2, 2008, revoking petitioner’s liquor license and imposing a $1,000 bond forfeiture and $8,500 civil penalty, unanimously modified, on the law, the finding that petitioner suffered or permitted the licensed premises to become disorderly by engaging in or suffering or permitting the storage, possession, use or trafficking of marijuana on the licensed premises vacated, the penalty vacated, specification number one dismissed, the matter remanded to respondent for reconsideration of the penalty, the petition otherwise denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, Bronx County [Nelson S. Roman, J.], entered on or about July 28, 2008), otherwise disposed of by confirming the remainder of the determination, without costs.
Substantial evidence supports the findings that petitioner permitted after-hours drinking on the premises (Alcoholic Beverage Control Law § 106 [5]), and failed to conform with local ordinances and regulations (9 NYCRR 48.3) regarding locked exits (Administrative Code of City of NY § 27-4259), cabaret activity (Administrative Code § 20-359 et seq.), overcrowding and hazardous conditions. No basis exists to disturb the administrative law judge’s (ALJ) findings of fact as to those specifications (see Matter of Café La China Corp. v New York State Liq. Auth., 43 AD3d 280, 281 [2007]). By contrast, the finding that petitioner permitted disorderliness on the premises (Alcoholic Beverage Control Law § 106 [6]), namely, the use of marijuana, is not supported by substantial evidence (Matter of Albany Manor Inc. v New York State Liq. Auth., 57 AD3d 142 [2008]). Petitioner was not improperly denied its right to have counsel present when the ALJ refused an adjournment based on counsel’s failure to appear due to his appearance in another case, where counsel failed to provide an affidavit of actual engagement (9 NYCRR 54.3 [f]) and respondent had appeared with a witness prepared to testify. Respon *340 dent properly considered petitioner’s past history of sustained violations in determining the penalty, where the penalty imposed was not for these past “causes or violations” (Alcohol Beverage Control Law § 118 [2]), nor were they used to determine petitioner’s guilt (compare Matter of Greenberg v O’Connell, 276 App Div 901 [1950]). Concur—Lippman, EJ., Mazzarelli, Buckley, McGuire and DeGrasse, JJ.