■ In the Matter of STEVEN HARRIS et al., Petitioners, v TINO HERNANDEZ, as Chairman of the New York City Housing Authority, Respondent. [897 NYS2d 630]—

Determination of respondent New York City Housing Authority, dated October 10, 2007, terminating petitioners' public housing tenancy, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Marylin G. Diamond, J.], entered July 30, 2008), dismissed, without costs.

Petitioners, who allowed their son to live in the subject apartment in violation of a stipulation to permanently exclude him, argue that the Hearing Officer failed to consider mitigating circumstances, namely, that they did not read or understand the stipulation and that they were concerned about the health of their son, who had just been discharged to petitioners from a drug rehabilitation program because of psychiatric problems. We reject that argument. Ample basis exists in the record, including petitioners' own testimony, for the Hearing Officer's express finding that petitioners understood that the son "was not permitted to reside in the subject apartment" (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]). Further, the Hearing Officer's recital that the son had been repeatedly arrested during the year or more that he resided in the apartment, including twice on Housing Authority property for sale and possession of unlawful narcotics, indicates that she considered petitioners' concern for their son's health and determined that it did not warrant a mitigated penalty. To the extent petitioners challenge the validity of the stipulation, the challenge is time-barred (CPLR 217 [1]; see Matter of Lockett v New York City Hous. Auth., 56 AD3d 280 [2008]). The penalty of termination does not shock our conscience (see Matter of Romero v Martinez, 280 AD2d 58, 64 [2001], lv denied 96 NY2d 721 [2001]). Concur—Friedman, J.P., Sweeny, DeGrasse, Richter and Manzanet-Daniels, JJ.