■ In the Matter of EVANGELINA SANTIAGO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [997 NYS2d 11]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered July 16, 2013, granting the petition to vacate respondent's determination, dated December 12, 2012, which found that petitioner violated a permanent exclusion stipulation and terminated her tenancy, to the extent of vacating the penalty of termination of tenancy and remanding the matter for imposition of a lesser penalty, unanimously reversed, on the law, without costs, the petition denied, the penalty of termination reinstated, and the proceeding brought pursuant to CPLR article 78 dismissed.

Petitioner was accorded procedural due process at the administrative hearing (*see e.g. Matter of Jackson v Hernandez*, 63 AD3d 64 [1st Dept 2009]), and the Hearing Officer's determination that she violated a stipulation permanently excluding her adult son, as a result of his previous sale of drugs, from her apartment was rationally based in the record. Since "judicial review of administrative determinations is confined to the facts and record adduced before the agency" (*Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000] [internal quotation marks omitted]), Supreme Court erred in swearing in and questioning petitioner, at oral argument of the instant petition, for the purpose of eliciting testimony that her adult son had not been in her apartment since June 2012 and that she would not allow him to visit any more (*see Matter of Chandler v Rhea*, 103 AD3d 427 [1st Dept 2013]; *Matter of Evans v New York City*, 94 AD3d 885, 887 [2d Dept 2012]).

Petitioner's violation of the stipulation "provided a sufficient basis upon which to proceed to terminate" her tenancy (*Matter of Wooten v Finkle*, 285 AD2d 407, 408 [1st Dept 2001]), and the penalty imposed does not shock one's sense of fairness (*see Matter of Harris v Hernandez*, 72 AD3d 450 [1st Dept 2010]; *Wooten* at 408-409). Concur—Gonzalez, P.J., Tom, Renwick and Gische, JJ.