Matter of JNPJ Tenth Ave., LLC v Department of Bldgs. of the City of N.Y. (2019 NY Slip Op 09390)





Matter of JNPJ Tenth Ave., LLC v Department of Bldgs. of the City of N.Y.


2019 NY Slip Op 09390


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Friedman, J.P., Webber, Kern, Moulton, JJ.


10669 100268/18

[*1] In re JNPJ Tenth Ave., LLC, Petitioner-Appellant,
v
The Department of Buildings of the City of New York, et al. Respondents-Respondents.


Nicholas E. Brusco, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Melanie T. West of counsel), for respondent.



Judgment, Supreme Court, New York County (Carmen Victoria St. George, J.), entered January 22, 2019, dismissing the petition brought pursuant to CPLR article 78 to vacate the determination of respondent Office of Administrative Trials & Hearings, dated January 4, 2018, that petitioner violated Administrative Code of the City of New York §§ 28-210.3 and 28-301.1 and New York City Building Code (Administrative Code, tit 28, ch 7) § BC 907.2.8, unanimously reversed, on the law, without costs, the petition granted and the violations vacated, and it is directed that all penalties paid by petitioner be refunded.
Administrative Code § 28-210.3 ("Illegal conversions of dwelling units from permanent residences") provides, in pertinent part, "It shall be unlawful for any . . . entity [which] owns . . . a . . . dwelling unit classified for permanent residence purposes to . . . permit the use or occupancy [of] . . . such . . . dwelling unit for other than permanent residence purposes." The article 78 court correctly determined that, pursuant to this provision, penalties may be imposed on building owners for their tenants' use of their apartments for transient occupancy (see generally Matter of Pamela Equities Corp. v Environmental Control Bd. of the City of N.Y., 171 AD3d 623, 623-24 [1st Dept 2019]). The court also correctly determined that an owner may be found to have permitted tenants to use their apartments for transient occupancy upon evidence that it either had knowledge of such transient occupancy or had the opportunity to acquire knowledge of the transient occupancy through the exercise of reasonable diligence (see Matter of Martin v State Liq. Auth., 41 NY2d 78, 79 [1976]; People ex rel. Price v Sheffield Farms-Slawson-Decker Co., 225 NY 25, 30 [1918]; Matter of Albany Manor Inc. v New York State Liq. Auth., 57 AD3d 142, 145 [1st Dept 2008]; Matter of Northland Transp. v Jackson, 271 AD2d 846, 848-849 [3d Dept 2000]).
The court's determination that petitioner permitted an apartment in its building to be used for transient occupancy is not supported by the record (see Matter of Santiago v New York City Hous. Auth., 122 AD3d 433 [1st Dept 2014]). While respondents presented substantial evidence before the hearing officer that an apartment in petitioner's building was used for transient occupancy, they failed to show petitioner had either actual knowledge or the opportunity through reasonable diligence to acquire such knowledge (see Matter of Albany Manor Inc., 57 AD3d at 145). Evidence of the tenant's history of involvement in housing court cases involving numerous other buildings, the tenant's advertising with short-term rental businesses, and the availability of services that monitor tenants' use of apartments for short-term rentals was not part of the administrative record, and it therefore should not have been considered by the court (see Santiago, 122 AD3d at 433).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK