■ In the Matter of WANDA COLEMAN, Appellant, v JOHN B. RHEA, Respondent. [961 NYS2d 403]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered February 8, 2012, which denied the petition seeking to annul respondent New York City Housing Authority's (NYCHA) determination terminating petitioner's tenancy, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the judgment vacated, and the petition treated as one transferred to this Court for de novo review, and upon such review, the challenged determination confirmed, the petition denied and the proceeding dismissed.

The petition raises an issue of substantial evidence, and thus, the proceeding should have been transferred to this Court pursuant to CPLR 7804 (g). Accordingly, we treat the substantial evidence issue de novo and decide all issues as if the proceeding had been properly transferred (*see Matter of Filonuk v Rhea*, 84 AD3d 502, 502 [1st Dept 2011]).

The finding of nondesirability is supported by substantial evidence, including that petitioner is chronically delinquent in payment of her rent, and that her adult son, an authorized member of her household, pleaded guilty to engaging in illegal drug activity on NYCHA premises (*see Matter of Rodriguez v New York City Hous. Auth.*, 84 AD3d 630, 631 [1st Dept 2011]; *Matter of Zimmerman v New York City Hous. Auth.*, 84 AD3d 526, 526 [1st Dept 2011]).

Petitioner's claim that her right to due process was violated when the hearing officer permitted NYCHA to submit an updated ledger at a resumed hearing in December 2010 is meritless (*see Mathews v Eldridge*, 424 US 319, 335 [1976]). Petitioner was free to testify regarding the updated rent charges, the hearing officer kept the record open post-hearing to give petitioner a full opportunity to respond to the updated rent charge, and petitioner availed herself of this opportunity by submitting documentary evidence. Moreover, the hearing officer did not violate NYCHA's internal termination of tenancy procedures.

Under the circumstances presented, the penalty of termination does not shock our conscience (*see Matter of Wooten v Finkle*, 285 AD2d 407, 408-409 [1st Dept 2001]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2012 NY Slip Op 30192(U).]**