In the Matter of EARL MULDROW, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent. [972 NYS2d 38]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about October 2, 2012, which denied the petition to set aside respondent's determination, dated December 29, 2011, affirming the decision of the Administrative Law Judge (ALJ), which, after a hearing, revoked petitioner's parole, unanimously vacated, the petition treated as one transferred to this Court for de novo review, and upon such review, respondent's determination confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78, dismissed, without costs.

The subject petition raised an issue of substantial evidence, and thus, the proceeding should have been transferred to this Court pursuant to CPLR 7804 (g). Accordingly, we treat the substantial evidence issue de novo and decide all issues as if the proceeding had been properly transferred (*see Matter of Coleman v Rhea*, 104 AD3d 535 [1st Dept 2013], *lv denied* 21 NY3d 857 [2013]).

The determination to revoke petitioner's parole is supported by substantial evidence, including petitioner's handwritten admission that he engaged in a physical altercation with his girlfriend and her daughter during which he hit his girlfriend (*see Matter of Swinson v Warden, Rikers Is. Correctional Facility*, 75 AD3d 433 [2010]). This admission was consistent with the photographic evidence and the testimony of the police officer who responded to the emergency call made by the daughter of petitioner's girlfriend. Moreover, there exists no basis to disturb the ALJ's credibility determinations (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]).

Petitioner's due process rights to a fair hearing or cross-examination were not violated by the admission of hearsay statements at the administrative hearing (*see Matter of Rispoli v Waterfront Commn. of N.Y. Harbor*, 104 AD3d 461 [1st Dept 2013]). In light of the evidence that the complainants were unavailable to testify, there is no due process violation in the admission of the police officer's testimony as to what the complainants had said (*Matter of LaPorta v New York State Bd. of Parole*, 251 AD2d 119 [1st Dept 1998]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Andrias, J.P., Sweeny, Acosta, Saxe and Clark, JJ.