■ In the Matter of BETTY RASNICK, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [10 NYS3d 69]—

Determination of respondent New York City Housing Authority, dated January 30, 2013, which, after a hearing, terminated petitioner's tenancy on the grounds of nondesirability, violation of an order of exclusion, and violation of probation, unanimously modified, on the law and the facts, to vacate the determination as to charge 1, finding nondesirability based on the events of February 11, 2011, and to dismiss that charge, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Tanya R. Kennedy, J.], entered Dec. 6, 2013), otherwise disposed of by confirming the remainder of the determination, without costs.

In the hearing transcript examined by this Court, the police detective who described executing a search warrant on February 11, 2011 and discovering marijuana did not specify the apartment in which the warrant was executed and the drugs discovered. Thus, based on the record before this Court, there is no substantial evidence to support charge 1, alleging nondesirability based on the discovery of marijuana in petitioner's apartment on that date.

Charges 2-5 were supported by substantial evidence. We note that with regard to charges 3 and 4, alleging violation of the permanent exclusion and violation of probation, respectively, arising from the presence of petitioner's son Kirk Rasnick in her apartment on February 11, 2011, the hearing officer improperly relied on Detective Lahens's testimony, which was stricken from the record, that "Kirk" was the first name of the older Rasnick gentleman with a beard who was present. Nevertheless, petitioner acknowledged that her son Kirk, who was the subject of the exclusion order, was present in the apartment on February 11, 2011.

Even with dismissal of the first charge, termination of petitioner's tenancy due to her failure to exclude her adult son in violation of the exclusion order and her probation, and her failure to prevent her guests from engaging in illegal drug activities and illegal activity that threatened the health, safety and right of peaceful enjoyment by other residents and respondent's employees, does not shock our sense of fairness (*see Matter of Santiago v New York City Hous. Auth.*, 122 AD3d 433 [1st Dept 2014]; *Matter of Grant v New York City Hous. Auth.*, 116 AD3d 531 [1st Dept 2014]; *Matter of Santana v New York City Hous. Auth.*, 106 AD3d 449 [1st Dept 2013]; *Matter of Coleman v Rhea*, 104 AD3d 535 [1st Dept 2013], *lv denied* 21 NY3d 857 [2013]). Concur—Tom, J.P., Friedman, Sweeny, Saxe and Clark, JJ.