Matter of Cochran v Olatoye (2020 NY Slip Op 02733)





Matter of Cochran v Olatoye


2020 NY Slip Op 02733


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, JJ.


11460 101116/17

[*1] In re Rosetta Cochran, Petitioner,
v
Shola Olatoye, etc., et al., Respondents.


Brooklyn Defender Services, Brooklyn (Ancra Grigore of counsel), for petitioner.
Kelly D. MacNeal, New York (Andrew M. Lupin of counsel), for respondents.



Determination of respondent, dated April 11, 2017, which, after a hearing, terminated petitioner's public housing tenancy, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Carmen Victoria St. George, J.], entered on or about September 5, 2018) dismissed, without costs.
At the administrative hearing, the police detective testified that, when he executed the search warrant at petitioner's home on November 4, 2015, petitioner was not home. The detective further testified that, during the search, he discovered a glass pipe and metal rod with cocaine residue in the possession of petitioner's brother. However, the hearing officer did not sustain charge 6 which alleged that petitioner's brother was an unauthorized occupant. Thus, based on the record, there is no substantial evidence to support charge 2, alleging nondesirability based on petitioner's possession of the items recovered (see Matter of Rasnick v New York City Hous. Auth., 128 AD3d 598, 598 [1st Dept 2015]).
Charges 1 and 3-5, alleging nondesirability, and charge 7, alleging a violation of rules, however, are supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). As to charge 7, petitioner admits that her brother was arrested while a guest in her apartment and pleaded guilty to criminal possession of a controlled substance, both in November 2015 and on a prior occasion in 2012. As to charge 1, the detective testified that at some time prior to securing the warrant targeting petitioner, he observed a confidential informant purchase drugs at her apartment and that the informant identified petitioner as the seller from a photo array. The hearing officer allowed the detective to withhold the date of this controlled buy to protect the identity of the confidential informant.
As to charges 3-5, arising from a separate criminal investigation, a different detective who arrested petitioner in January 2014 testified that he took part in a long-term narcotics investigation at petitioner's building, during which he was in contact with an undercover police officer's ghost' at the time of a controlled buy of crack cocaine. At that time, the undercover officer gave him the purchased bags directly, and identified petitioner as the seller from a photo array the detective had compiled. Although the criminal charges against petitioner were dismissed after this testimony, but before additional hearing dates, "[t]he sealing of a criminal case will not immunize a defendant against all future consequences of the charges, and an administrative tribunal is permitted to consider evidence of the facts leading to those charges when they are independent of the sealed records" (Matter of Rosa v New York City Hous. Auth., Straus Houses, 160 AD3d 499, 499 [1st Dept 2018]; see CPL 160.50, 160.60). Contrary to petitioner's contention, this detective's testimony was not entirely based upon sealed records. We also find no reason to overturn the hearing officer's credibility determinations (see Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]).
Even with the dismissal of the second charge, we do not find, under the circumstances, that the penalty is shocking to one's sense of fairness (Matter of Pell v Board of Educ. of Union [*2]Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]; 24 CFR 966.4[l][5][i][B], [vii][B]). "Since the termination of petitioner's tenancy was based upon her own conduct, and not just that of her [brother], respondent was not obliged to offer her probation, even though" the hearing officer found insufficient
evidence that her brother lived in the unit (Matter of Satterwhite v Hernandez, 16 AD3d 131, 132 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK